J. B. COHN *v.* M. E. KETCHUM, *Warden, etc.*

(No. 9231)

Submitted September 23, 1941. Decided October 14, 1941.

*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, and *J. W. Rickey,* for plaintiff in error.

*Ralph L. Miller,* for defendant in error.

LOVINS, JUDGE:

By order entered on the 24th of June, 1941, the Circuit

Court of Marshall County, acting upon the petition of J. B. Cohn for a writ of *habeas corpus ad subjiciendum,* directed that petitioner be discharged from the custody of M. E. Ketchum, Warden of the West Virginia Penitentiary. This Court thereafter awarded a writ of error and supersedeas to the judgment of the circuit court on the petition of Ketchum.

Cohn was indicted by a grand jury in and for Wood County at the October, 1939, term, charged with a violation of Code, 61-3-39, by giving a worthless check in the amount of $25.00. He entered a plea of guilty to the indictment, and was sentenced to confinement in the penitentiary by the Circuit Court of Wood County, as shown by the following order:

> "J. B. Cohn, who stands convicted of felony upon indictment No. 48-A, was this day again set to the bar in custody of the Jailor of Wood County. And it being demanded of said prisoner, if anything he knew, or had to say, why the Court should not now proceed to pronounce judgment upon him, according to law, and nothing being offered or alleged in delay of judgment, it is therefore considered by the Court that the defendant be confined in the Penitentiary of the State of West Virginia for the period of one year. And it is ordered that the Warden of the Penitentiary of this State, do, as soon as may be, remove and safely convey the said J. B. Cohn from the Jail of Wood County to the Penitentiary of this State, located at Moundsville, Marshall County, West Virginia, there to be incarcerated for the term of one year, and in all things dealt with as the law directs, said sentence to begin as of June 18, 1939. Whereupon prisoner is remanded to Jail."

On June 14, 1941, Cohn filed a petition for *habeas corpus ad subjiciendum* in the Circuit Court of Marshall County, stating therein that he was illegally detained by M. E. Ketchum, Warden of the Penitentiary, although he had served the sentence as imposed by the order of the Circuit Court of Wood county, and that the "officials of the

penitentiary" had interpreted his sentence as being from one to five years under the provisions of Code, 61-11-16, as amended and reenacted by Chapter 24, Acts 1939. The petitioner further alleges that the enactment of the legislature is unconstitutional in that it violates Section 1, Article V of the Constitution of this state by delegating judicial power to an administrative officer, the Director of Probation and Parole.

The writ was awarded by the Circuit Court of Marshall County directed to Ketchum and returnable June 18, 1941, on which date the matter was heard on Ketchum's return and motion to quash the writ, and petitioner's motion to quash the return. In the order entered on June 24, 1941, and hereinbefore referred to, the Circuit Court of Marshall County overruled respondent's motion to quash the writ, and sustained petitioner's motion to quash the return. This order states: "It is further considered by the court that there is no legal or sufficient cause for the detention of the petitioner in the West Virginia Penitentiary" and "it being the opinion of the court that said J. B. Cohn has served the legal sentence imposed on him, as required (by) law * * *."

Chapter 24, Acts 1939, repealed Sections 29 and 30, Article 5, Chapter 28 of the Code. These sections provided for a general sentence of imprisonment in the penitentiary for persons convicted of a felony, except murder in the first degree, and where the person convicted had not served a term in a penal institution upon conviction of a felony, when the trial court thought the same "right and proper", imprisonment under such general sentence not to exceed the maximum term provided by law or be less than the minimum term so provided. Prior to the enactment of 1939, section 16, Article 11, Chapter 61 of the Code provided that the trial court should ascertain and fix the term of confinement in case of conviction for felony, where that punishment is prescribed. Chapter 24, Acts 1939, hereinafter referred to as the "Intermediate Sentence" Law, amended and reenacted this latter section to read as follows:

"Every sentence to the penitentiary of a person convicted of a felony, for which the maximum penalty prescribed by law is less than life imprisonment, shall be a general sentence of imprisonment in the penitentiary. In imposing this sentence, the judge may, however, designate a definite term, which designation may be considered by the director of probation and parole as the opinion of the judge under the facts and circumstances then appearing of the appropriate term recommended by him to be served by the person sentenced. Imprisonment under a general sentence shall not exceed the maximum term prescribed by law for the crime for which the prisoner was convicted, less such good time allowance as is provided by sections twenty-seven and twenty-seven-a, article five, chapter twenty-eight of this code, in the case of persons sentenced for a definite term. Every other sentence of imprisonment in the penitentiary shall be for a definite term or for life, as the court may determine. The term of imprisonment in jail, where that punishment is prescribed in the case of conviction for felony, shall be fixed by the court."

Thus, since February 20, 1939, the effective date of Chapter 24, Acts 1939, trial courts have been deprived of the right to fix the term of imprisonment in the penitentiary, within limits prescribed by law, for persons convicted of a felony, as well as the discretionary power to impose a general sentence. In attacking this enactment as unconstitutional, as hereinbefore indicated, petitioner asserts that a ministerial or administrative officer is now vested with judicial powers. This involves a consideration, therefore, of the respective powers of the legislature and the courts in dealing with the ascertainment of guilt and the punishment for those found guilty of criminal offenses.

In *Ex Parte Fisher*, 95 W. Va. 397, 121 S. E. 287, this Court discussed the duty of trial courts in such matters, referring to a sentence as "a judgment of the court formally declaring to the accused the legal consequences of the guilt for which he has been convicted or has con-

fessed. It is not strictly speaking the act of the court, but the judgment of the law which the court is commanded to pronounce." As to the power of the legislature, *State v. Woodward,* 68 W. Va. 66, 69 S. E. 385, 30 L. R. A. (N. S.) 1004, defines it as the "power to create and define crimes and fix their punishment, so only that such punishment is not cruel or unusual or disproportionate to the offense." The distinction between these powers is well defined in *State v. Mulcare,* 189 Wash. 625, 66 Pac. (2d) 360. An example of the exercise of such legislative power is the enactment of the statute, (Code, 61-3-39) by which the making, drawing, issuing, uttering or delivering of a worthless check, in the amount of twenty dollars or over, with intent to defraud is declared to be a felony, with punishment, upon conviction, of confinement in the penitentiary from one to five years and a fine of not more than one thousand dollars. There is no assertion that this punishment is cruel, unusual or disproportionate to the offense, in violation of Article III, Section 5 of the Constitution of this State.

Article V, Constitution, separates the departments, executive, legislative and judicial, exercising the governmental powers of this state. In view of the many decisions of the appellate courts of jurisdictions wherein "Indeterminate Sentence" Laws have been enacted, upholding the same as being neither in violation of any constitutional rights of the accused or constitutional provisions in regard to the separation of powers, we do not deem it necessary to enter into an extended discussion of the validity of Chapter 24, Acts 1939. Suffice it to say that the theory supporting such acts is that inasmuch as the legislature may fix a definite term for the punishment of a crime, without placing any discretion in the court whose duty it is to carry out the legislative mandate, it necessarily follows that no constitutional right of the defendant or constitutional guaranty of the state is violated by the enactment which provides that the person convicted shall be sentenced to the penitentiary for a period within the minimum and maximum limits provided by law. *Johnson v. State,* 169 Ga. 814, 152 S. E. 76; *State v.*

*Duff,* 144 Iowa 142, 122 N. W. 829, 24 L. R. A. (N. S.) 625, 138 Ann. St. Rep. 269; *State* v. *Stephenson,* 69 Kan. 405, 76 Pac. 905, 105 Am. St. Rep. 171, 2 Ann. Cas. 841; *Mutart* v. *Pratt,* 51 Utah 246, 170 Pac. 67; *State* v. *Dugan,* 84 N. J. L. 603, 89 Atl. 691; *Miller* v. *State,* 149 Ind. 607, 49 N. E. 894, 40 L. R. A. 109; *In re Marlow,* 75 N. J. L. 400, 68 Atl. 171; *State* v. *Mulcare, supra;* Note, L. R. A. 1915C, 561. For an elaborate discussion of the purpose of the "Indeterminate Sentence" Law, see *Ware* v. *Sanders,* 146 Iowa 233, 124 N. W. 1081.

It will be observed from the sentence of the Circuit Court of Wood County, hereinbefore set out in full, that a definite term of one year was imposed. This unauthorized action of the trial court can have no effect upon the operation of the statute, either as making the judgment void or limiting the petitioner's imprisonment to the term specified in the sentence. The order of the trial court, sentencing the person convicted, must, under the "Indeterminate Sentence" Law, be interpreted in the light of the statutes upon which it is based, and the minimum and maximum terms, so fixed by law, should be read into and considered as a part of the sentence. *Ex Parte Setters,* 23 Idaho 270, 128 Pac. 1111; *Ex Parte Duff,* 141 Mich. 623, 105 N. W. 138; *Cave* v. *Haynes, Warden, etc.,* 221 Iowa 1207, 268 N. W. 39; *Ex Parte Evans,* 173 Mich. 25, 138 N. W. 276. The unauthorized fixing of a maximum term is without force or effect, and confers no rights upon the person sentenced. *Ex Parte Duff, supra.*

Our statute provides that, in imposing sentence, the judge may "designate a definite term, which designation may be considered by the director of probation and parole as the opinion of the judge under the facts and circumstances then appearing of the appropriate term recommended by him to be served by the person sentenced." We hold that, under this provision, and in the light of the foregoing authorities, the specification of a one-year term, by the trial court herein, has no other effect than that of a recommendation thereof to the Director of Probation and Parole, and that the punishment fixed by law (Code, 61-3-39) relating to imprisonment in the penitentiary from

one to five years must, under the Indeterminate Sentence Law, be read into and considered a part of the sentence imposed by the Circuit Court of Wood County.

Under Code, 61-11-24, a court has the discretion to give credit, on any sentence imposed by it, for the term of confinement spent in jail awaiting trial and conviction. This discretion was exercised by the trial court when, in its order entered at the October Term, 1939, it provided for sentence to begin as of June 18, 1939; therefore, petitioner's term of confinement began as of that date.

Respondent filed with his return, a certified copy of the commitment papers on file in his office relating to petitioner's imprisonment. On the copy of the order of the Circuit Court of Wood County, sentencing petitioner to confinement, pencil lines have been drawn through the words "for the term of one year," where they appear after the word "incarcerated" and the words and figures "as of June 18, 1939," where they appear after the word "begin"; in the left margin thereof, the words and figures "1-5 years" appear in pencil as well as the word "effect." (See the order as it appears herein.) These changes, if they may be characterized as such, are in no wise controlling, nor do they affect the petitioner's rights, which are determined as hereinbefore stated.

We therefore reverse the judgment of the Circuit Court of Marshall County, and remand the proceeding to that court for further action therein, consistent with the principles announced in this opinion.

*Reversed and remanded.*