**Junior Lee WELCH, Petitioner,**

v.

**Otto C. BOLES, Warden of the West Virginia State Penitentiary, Respondent.**

**Civ. A. No. 692–E.**

United States District Court
N. D. West Virginia.
Dec. 16, 1966.

---

Milford L. Gibson, Elkins, W. Va., for petitioner.

C. Donald Robertson, Atty. Gen. of West Virginia, Thomas P. O'Brien, Jr., Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Petitioner is incarcerated in the West Virginia Penitentiary for the crime of statutory rape. He was convicted upon his plea of guilty on July 30, 1962. Petitioner petitioned this Court for a writ of habeas corpus, assigning several grounds. This Court subsequently appointed counsel to represent Petitioner and a plenary hearing was held on December 14, 1966. At the hearing before this Court counsel for Petitioner requested, and was granted, leave to orally assign further grounds for relief on behalf of Petitioner. All grounds raised by Petitioner will be considered below.

Petitioner first claims that the indictment upon which he was convicted is void. The indictment identifies the rape victim as "a female child, of previous chaste character, not his wife, under the age of sixteen years." Petitioner contends that since the victim was seven years old, a fact adduced at the hearing, it was error that the indictment did not identify her as having been under the age of ten years. This claim is obviously based upon the 1963 amendment to the rape statute,[1] dispensing with the element that the victim be of previous chaste character where she is under the

1. W.Va.Code, Ch. 61, Art. 2, § 15 (Michie 1966).

age of ten years. This addition to the West Virginia rape statute was enacted after the date of the alleged crime charged to Petitioner, and was not in effect at the time this alleged crime was committed. Accordingly, this claim is without merit.

■ Petitioner's second claim urges that he was denied an effective preliminary hearing. Petitioner testified that he was not represented by counsel at the hearing and that the Justice of the Peace perfunctorily held him to answer the action of the grand jury when Petitioner stated to the Justice of the Peace that he was not guilty. There is neither showing, nor suggestion, that anything done or neglected to be done at the preliminary hearing in any way prejudiced Petitioner or deprived his subsequent conviction of fundamental fairness. Petitioner acknowledges that arrangements for bond were completed before the Justice, but after counseling with his wife, he declined to give bond for his release pending the grand jury session which investigated his case. Petitioner was subsequently indicted by a grand jury and was represented by counsel, appointed at the time the indictment was returned, when he entered his plea of guilty.

■ Petitioner's third claim is that he was sentenced to a definite term of twenty years for a crime which carries as its penalty an indeterminate sentence of not less than five nor more than twenty years. In this, Petitioner is mistaken. The commitment order properly establishes Petitioner's sentence as an indeterminate term of not less than five nor more than twenty years, the appropriate sentence at the time Petitioner was convicted.[2] The trial judge's reference to a term of twenty years, which gives rise to Petitioner's confusion, is merely "the appropriate term *recommended* by him to be served by the person sentenced." Cohn v. Ketchum, 123 W.Va. 534, 17 S.E. 2d 43 (1941) (emphasis added). Such a designation of a definite term as a recommendation is provided for by stat-

ute in West Virginia. W.Va.Code, Ch. 61, Art. 11, § 16 (Michie 1961).

■ Petitioner's fourth claim is really two claims in one. Petitioner alleges that his two court appointed attorneys were ineffective and that they acted in collusion with state officials to fraudulently induce Petitioner to plead guilty. This and Petitioner's fifth claim, that he did not appreciate the consequences of his plea, will be considered together.

At the hearing, Petitioner characterized his attorneys as having offered him two, and only two, alternatives, namely: Plead guilty and receive a sentence of not less than five nor more than twenty years or receive life imprisonment or "the chair." Petitioner further stated that his counsel at no time informed him that he had a right to a jury determination of his guilt or innocence and that they had in fact never discussed the circumstances of the crime or possible defenses. It was either plead guilty or get "life or the chair." Petitioner's allegation of fraud seems to have been based upon his misapprehension that he had received a definite sentence of twenty years.

One of Petitioner's court appointed attorneys is now deceased. The second attorney, engaged in the practice of law since 1952, testified at the hearing. This attorney stated that when he consulted with Petitioner, Petitioner admitted the crime and suggested two possible defenses. The defenses offered by Petitioner to his attorneys in the state trial court are stated in the record, but because of their nature this Court does not deem it proper to narrate them here. It is sufficient to note that neither defense, if true, imparts any legal validity. The attorney explained that his investigation of the circumstances of the crime, including examination of witnesses, failed to develop any exculpating evidence and, in fact, seemed to establish the factual invalidity of the two defenses suggested by Petitioner. Regarding the prosecution's case against Petitioner, the attorney testified that the victim's

---

2. W.Va.Code, Ch. 61, Art. 2, § 15 (Michie 1961).

mother and sister, Petitioner's wife, appeared at the scene moments after the commission of the crime.

Petitioner's trial court attorney stated that he had carefully and fully explained to Petitioner his right to plead not guilty and stand trial. He also discussed with Petitioner all the possible penalties which could be imposed. After hearing the evidence adduced and having seen the witnesses testify, this Court adopts as true the testimony offered by the state trial court appointed attorney.

It is the opinion of the Court that Petitioner was fully and adequately represented by his two court appointed attorneys, and further that his plea of guilty was made with complete appreciation of all the circumstances as well as the possible consequences.

An order will be entered denying the relief sought and dismissing the petition.