STATE OF WEST VIRGINIA

*v.*

DAVID ROBERT WOOD

(No. 14611)

Decided July 17, 1981.

*C. Blaine Myers* for Wood.

*Chauncey H. Browning,* Attorney General, *Marianne K. Hoover,* Assistant Attorney General, for the State.

PER CURIAM:

This is an appeal by David Robert Wood from a final judgment of the Circuit Court of Wood County, overruling

his motion to set aside the verdict and grant a new trial and sentencing him to the state penitentiary upon a jury verdict of breaking and entering.

Wood advances three arguments in his brief in this appeal. The chief ground relied on is that the trial court so restricted his right to cross-examine the State's key witnesses that he was denied his right to effective cross-examination. Second, he contends the prosecutor's conduct in eliciting testimony that a co-indictee had pled guilty to his role in the crime and in referring to that fact in closing argument was improper and constitutes reversible error. Finally, Wood's counsel argues that he was ineffective in his representation at trial because he failed to timely object to improper closing argument and failed to move for a mistrial. We affirm.

Wood was indicted along with Shirl J. Lipscomb for the February 19, 1978 breaking and entering of a TV and appliance store located in Parkersburg, West Virginia. The State's primary witnesses were the co-indictee, Lipscomb, and another alleged participant in the crime, Darrell Wade. Both testified that Wood was present and participated in the breaking and entering, but their testimony is substantially conflicting as to the details surrounding the commission of the crime. Lipscomb testified that he remained outside as a lookout and that Wood and Wade entered the building. Wade, on the other hand, testified that he remained outside as a lookout and that the defendant and Lipscomb entered the Building. Lipscomb and Wade disagreed on the number of persons who participated in the crime, on who kicked the door down in order to gain entrance, on who went inside and carried out the appliances, on the number of items actually taken, on where the items were physically placed in the car, on whose car was actually used, and on who left the scene of the crime in the car. In closing argument, Wood's counsel dealt heavily on the conflicting testimony.

The restriction of defense counsel's cross-examination primarily involved matters that occurred after the commission of the crime. One of the coparticipants, Wade, had indicated at the defendant's preliminary hearing that

he along with other coparticipants had gone back to the same appliance store some three days later and had stolen additional items. At trial, Wade was asked by defense counsel if this occurred and denied that it had. Defense counsel wanted to impeach Wade's denial by having his attorney testify from his notes taken at the preliminary hearing and by asking the store manager if a second breaking and entering had occurred. The court declined this line of inquiry on the basis it was evidence of a collateral crime.

The trial court also refused inquiry of Wade as to what was done with the merchandise stolen in the first breaking and entering, which defense counsel claims would have shown that the defendant did not assist in the disposing of the merchandise. Finally, the court did not permit Wade's answer to defense counsel's questions as to whether an investigating officer had suggested names of others who might be involved in the crime, Wade had answered yes and named a coparticipant, Lipscomb, but not the defendant, and the court on objection of the prosecutor struck the answer and told the jury to disregard it. In Syllabus Point 4 of *State v. Carduff*, 142 W.Va. 18, 93 S.E.2d 502 (1956), we set this general rule:

> "The extent of the cross-examination of a witness is a matter within the sound discretion of the trial court; and in the exercise of such discretion, in excluding or permitting questions on cross-examination, its action is not reviewable except in case of manifest abuse or injustice."

It seems clear that these matters were collateral to the main issues surrounding the defendant's culpability and we therefore conclude that the trial court did not abuse its discretion in limiting the cross-examination.

Wood's second assignment of error concerns the argument and conduct of the prosecuting attorney. The coparticipant Lipscomb, who had pled guilty to breaking and entering prior to the defendant's trial, testified for the State. On re-direct examination the prosecutor asked Lipscomb whether he was presently serving a sentence in the Wood County Correctional Center as a result of a guilty

plea to charges arising from the breaking and entering for which the defendant was on trial. Lipscomb answered in the affirmative and the defense attorney objected. The trial court sustained the objection and instructed the jury to disregard both the question and the answer.

There is no question that Lipscomb's guilty plea was not admissible as evidence against the defendant, and that it should not have been disclosed by the prosecution at any point in the trial. Our law is clear that the State may not introduce evidence of a conviction or guilty plea on the part of a co-conspirator or accomplice to prove the guilt of a person subsequently put on trial for committing or participating in the same crime. *See*, e.g., *State v. Ellis*, 161 W.Va. 40, 239 S.E.2d 670 (1977); *State v. Bennett*, 157 W.Va. 702, 203 S.E.2d 699 (1974); *State v. Price*, 114 W.Va. 736, 174 S.E. 518 (1934).

A review of all the circumstances in this case convinces us that the prosecutor's disclosure of the accomplice's guilty plea was not prejudicial. The defense made a timely objection to the admission of this evidence, and the trial court promptly instructed the jury to disregard the matter.

The prosecutor's remark was to the effect that as to the witness Lipscomb, "it is all over for him. The other witness, he has nothing in it. Mr. Wood [the defendant], he has something at stake." The primary contention is that the statement "it is all over" for Lipscomb was a reference to his guilty plea, which the court had previously ruled inadmissible. We believe this remark was too ambiguous to warrant inferring any prejudice.

We have reviewed the defendant's final assignment of error that his counsel's failure to make an immediate objection to the prosecutor's remarks in closing argument or to move for a mistrial constitutes ineffective assistance of counsel. We find this contention without merit.

704

For the foregoing reasons, the judgment appealed from is affirmed.

*Affirmed.*