STATE of Delaware

v.

Charles HAMILTON.

Superior Court of Delaware,
New Castle County.

Submitted: Oct. 1, 1985.

Decided: Oct. 22, 1985.

Allan Wendelburg, Dept. of Justice, Wilmington, Del. for the State.

Gregg E. Wilson, Office of the Public Defender, Wilmington, Del., for defendant.

GEBELEIN, Judge.

The defendant in this action is charged with two counts of Rape First Degree. For the purposes of determining the defendant's pre-trial motion to dismiss, the following facts have been stipulated to:

1. The defendant is charged in two counts with committing Rape in the First Degree on the same evening with the same victim.

2. The alleged victim of the offenses was nine years old at the time of the offenses and is the natural daughter of the defendant.

3. The defendant and victim were living together with a parent-child relationship in the same household at the time of the offenses, and

4. On the occasion of the offenses, the defendant and victim were watching television together in the living room of their home.

The defendant has moved to dismiss the indictments as to the counts of Rape First Degree based on the theory that the victim was the voluntary social companion of the defendant on the occasion of the offenses. The State argues in response that a nine-year-old girl could not, under the provisions of the Delaware Criminal Code, be presumed to be a voluntary social companion of her father so as to remove the case from the definition of Rape in the First Degree.

The Delaware Criminal Code provides in pertinent part that:

A male is guilty of Rape in the First Degree when he intentionally engages in sexual intercourse with a female without her consent, and;

\* \* \* \* \* \*

(2) The victim was not the defendant's voluntary social companion on the occa-

sion of the crime and had not previously permitted him sexual contact. 11 *Del.C.* § 764.

The Delaware Criminal Code specifically provides as follows:

Sexual intercourse, deviate sexual intercourse, or sexual contact is "without consent" when:  .

    \*      \*      \*      \*      \*      \*

(3) The victim is less than sixteen years old; 11 *Del.C.* § 767.

Neither prosecution nor defense has been able to offer the Court any authority for the proposition that a child is or is not, as a matter of law, the voluntary social companion of her parents while residing in the household. Likewise, the term, "voluntary social companion" is not defined by the *Delaware Code.* Thus, we must turn to the commonly accepted meaning of the words used to ascertain what constitutes a "voluntary social companion".[1]

The word "voluntary" has a dictionary definition of "proceeding from the will or from one's own choice or consent." *Webster's New Collegiate Dictionary*, 1977 Ed., p. 1312. Likewise, in criminal cases, the word "voluntary" has come to mean free of coercion or duress, "the product of a free will." Cf. *State v. Winsett*, Del.Super., 238 A.2d 821, 824, aff'd. 251 A.2d 199 (1968), "the product of a rational intellect and a free will", Cf. *Mincey v. Arizona*, 437 U.S. 385, 98 S.Ct. 2408, at 2416, 57 L.Ed.2d 290 (1978).

Clearly, to sustain a conviction of Rape First Degree under 11 *Del.C.* § 764, the State must establish that the victim was not the voluntary social companion of the defendant on the occasion of the offense.[2]

The defendant in this case was a custodial parent of the victim at the time of the alleged offenses. The victim and defendant resided in the same household. Custody of the victim had not been transferred from the defendant to any other party.

Delaware law, codifying general principles of parent-child relationships provides in part as follows: "the custodian may determine the child's upbringing, including his ... place of residence ..." 13 *Del.C.* § 728. The law further provides that a parent may use reasonable force or discipline to enforce his or her decisions as to that child's upbringing and be free of any criminal liability for the use of such physical force. 11 *Del.C.* § 468.

In some cases parent have been held criminally responsible for the acts of their children. *See Annotation: Criminal Responsibility of Parent for Act of Child*, 12 A.L.R.4th 673. Parents are made liable in a civil context for the conduct of their children under certain statutes of our State. 10 *Del.C.* § 3922 (intentional or reckless destruction of property); 21 *Del.C.* § 6105 (negligence of a minor driver); and, 10 *Del.C.* § 926 (theft or destruction of property). These statutes and the case law imposing liability presume the obvious, that in our culture, the parent of a child, with whom that child resides, has authority and control over the child.

It is clear, therefore, that a minor child is not "free" to choose his or her own place of abode in defiance of the parent's wishes. The parent is free to use reasonable force to return the child to the place of residence.

■ It cannot be said that a child's presence in the family residence is a "product of a rational intellect and a free will." It is not an action taken free of duress or coercion and as a product of a free will. Thus, the presence of a child in the family resi-

---

1. The Criminal Code provides: "If a word used in this Criminal Code is not defined herein, it has its commonly accepted meaning, and *may be defined as appropriate to fulfill the purposes of the provision as declared in § 201 of this Title.*" 11 *Del.C.* § 221(c) (Emphasis added.)

2. Likewise, the State must establish the absence of "previously permitted" sexual contact. Pursuant to 11 *Del.C.* § 767, a victim under the age of 16 years cannot consent to sexual contact. Clearly then, this nine-year-old victim could not have permitted previous sexual contact with the defendant so as to remove this offense from the definition of Rape First Degree.

dence is not a "voluntary" act on the part of the child.

The purpose of the Rape First Degree statute as defined by 11 *Del.C.* § 764(2) is to make more severe an offense wherein the victim and defendant were not voluntarily social companions. The rationale behind this provision is that being a voluntary social companion "reduces confidence in the conclusion of aggression and non-consent, and seems relevant as well to the degree of injury inflicted and the general dangerousness of the actor." *Model Penal Code*, § 213.1, p. 280. Thus, a more severe offense was created where the actor could not be assumed to have believed that the victim was feigning reluctance or, in fact, truly desired the sexual contact.

 In this case, it cannot be assumed that the defendant would have misread the desires or wishes of his nine-year-old daughter. Whether she would have wished to have sexual contact is by law irrelevant. She could not so consent. 11 *Del.C.* § 767.

Interpreting the term "voluntary social companion" in a manner most consistent with the intent of the Criminal Code, it must be held that a minor child under the age of 16 years cannot be a voluntary social companion of a custodial parent for the purposes of 11 *Del.C.* § 764.

The motion to dismiss the indictment is denied.

IT IS SO ORDERED.