391 S.E.2d 103

**STATE of West Virginia**

v.

**Clarden ALLMAN.**

**No. 18625.**

Supreme Court of Appeals of West Virginia.

March 22, 1990.

---

Ernest M. Douglass, Parkersburg, for Clarden Allman.

Roger W. Tompkins, Atty. Gen., Richard M. Riffe, Sr. Asst. Atty. Gen., Charleston, for State of W.Va.

PER CURIAM:

Clarden Allman appeals from a final order of the Circuit Court of Wood County holding that certain psychological records, designated by Mr. Allman's counsel, would not be relevant at trial. The order is based on a hearing held pursuant to our remand requiring the trial court to provide Mr. Allman access to the medical records of Angie Allman, the state's primary witness against him in a sexual assault trial. On appeal Mr. Allman maintains that the designated medical records show that the prosecutrix has a disorder that affects her credibility as a witness. Based on our review of the designated medical records we disagree with Mr. Allman and, therefore, affirm the Circuit Court.

Following a jury trial on August 15 and 16, 1983, Mr. Allman was found guilty of six counts of first degree sexual assault. Mr. Allman was accused by his step-granddaughter, who is also his niece, of forcing her to have sexual intercourse with him on six separate occasions. On appeal we reversed his conviction on the ground that the trial court failed to provide Mr. Allman access to certain psychological records of his granddaughter. The failure to provide

the medical information denied Mr. Allman the opportunity to show that the witness' psychiatric disorder affected her credibility. We ordered that "upon remand a copy of the granddaughter's [Ms. Allman] psychiatric records should be provided to the defendant's counsel and an *in camera* hearing held as to relevancy. (Footnote omitted.)" *State v. Allman*, 177 W.Va. 365, 352 S.E.2d 116, 119 (1986).

The facts of this case are set forth in our prior opinion. *Id.* We do not repeat them here, except to note that on remand Mr. Allman's counsel was provided with a copy of the prosecutrix's medical records. Mr. Allman's counsel designated as relevant various portions of those records. Following a response by the State, the trial court conducted an *in camera* hearing.[1] On February 11, 1988, the trial court entered an order holding that none of the designated portions of the records, not previously provided, would be relevant at trial and reimposed the prior sentence.[2] On September 8, 1988, Mr. Allman again appealed to this Court claiming that the trial court erred in determining that the recently provided medical records of the prosecutrix do not contain information relevant to her credibility.

I

■ In the present case, Mr. Allman seeks a retrial during which he hopes impeach the testimony of his granddaughter by using evidence of a psychiatric disability affecting her credibility.[3] Mr. Allman maintains that the prosecutrix is a pathological liar and that her disability is evidenced by her medical records.

■ We have long recognized that:
" 'The extent of the cross-examination of a witness is a matter within the sound

discretion of the trial court; and in the exercise of such discretion, in excluding or permitting questions on cross-examination, its action is not reviewable except in the case of manifest abuse or injustice.' Syl. pt. 4, *State v. Carduff*, 142 W.Va. 18, 93 S.E.2d 502 (1956)." Syl., *State v. Wood* [167 W.Va. 700], 280 S.E.2d 309 (W.Va.1981).

Syllabus Point 10, *State v. Gum*, 172 W.Va. 534, 309 S.E.2d 32 (1983).

■ The discretion of the trial court includes whether a witness' testimony can be impeached by the introduction of evidence of a psychiatric disability. *Id.* 172 W.Va. at 545, 309 S.E.2d at 43; *State v. Harman*, 165 W.Va. 494, 507, 270 S.E.2d 146, 154 (1980) *reh'g denied; State v. Ayers*, 179 W.Va. 365, 369 S.E.2d 22 (1988).

■ Because of the sensitive nature of the evidence and the potential for abuse, we have required a showing that the psychiatric disorder affects the credibility and that an expert has had a sufficient opportunity to make the diagnosis of psychiatric disorder before the evidence can be used to impeach a witness. In Syllabus Point 5, *State v. Harman*, 165 W.Va. 494, 270 S.E.2d 146 (1980), we stated:

Evidence of psychiatric disability may be introduced when it affects the credibility of a material witness' testimony in a criminal case. Before such psychiatric disorder can be shown to impeach a witness' testimony, there must be a showing that the disorder affects the credibility of the witness and that the expert has had a sufficient opportunity to make the diagnosis of psychiatric disorder.

*See Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) (A criminal defendant is entitled to an *in camera*

---

1. The *in camera* hearing was not recorded, but the designation of relevant material by Mr. Allman's counsel, the State's response thereto, and the final order are of record.

2. Although our previous opinion indicated that none of Ms. Allman's medical records were provided to Mr. Allman for his 1983 trial (*Id.* 177 W.Va. at 366, 352 S.E.2d at 117.), two brief notes, dated May 13, 1982 and May 14, 1982, were deemed relevant and provided to Mr. Allman.

3. Mr. Allman does not allege that the prosecutrix is totally incompetent to testify; rather, he maintains that she has a psychiatric disability that affects her credibility. The trial court concluded that Ms. Allman was competent to testify and that issue was not appealed. We note the decision to require a competency examination of a sexual assault victim lies in the trial court's discretion. *State v. Murray*, 180 W.Va. 41, 375 S.E.2d 405, 413 (1988).

review by the trial court of certain confidential records of child protective service agency. Because of the compelling interest of the State in protecting the confidentiality of its official records concerning child abuse, the defense counsel was denied access to the file.); *State v. Zuck*, 134 Ariz. 526, 658 P.2d 179 (1982) *rev'd on other grounds*, 134 Ariz. 509, 658 P.2d 162 (1982) (Extent of cross-examination on a witness' psychiatric history without a showing that the mental illness reflected on his testimonial capabilities is within the discretion of the trial court); *People v. Walton*, 107 Ill.App.3d 698, 63 Ill.Dec. 351, 437 N.E.2d 1273 (1982) (Required a showing that a witness' medical records were relevant to his credibility before such records could be subpoenaed or discovered.); *People v. Foggy*, 121 Ill.2d 337, 118 Ill.Dec. 18, 521 N.E.2d 86 (1988) *cert. denied*, 486 U.S. 1047, 108 S.Ct. 2044, 100 L.Ed.2d 628 (1988) (Upheld a trial court's refusal to conduct an *in camera* review of a rape counselor's records based on an absolute statutory privilege of confidentiality.).

In *Allman* 177 W.Va. at 368, 352 S.E.2d at 119, we found that Mr. Allman had been denied the opportunity to make such a showing by the denial of access to the prosecutrix's medical records. We remanded the case to provide Mr. Allman access to the records and thus the opportunity to

show that the prosecutrix's credibility was affected by a psychiatric disorder.

On remand the trial court provided the requested records and Mr. Allman's counsel designated certain portions of the records as evidence that the victim's credibility was affected by a psychiatric disorder.[4] After an *in camera* hearing the trial court determined that none of the records, not previously provided to Mr. Allman, would be relevant at trial. Based on our review of the prosecutrix's medical records, we find that the trial court did not abuse its discretion in determining the records lacked relevancy. The medical records simply do not support Mr. Allman's allegations that the prosecutrix has a psychiatric disability that affects her credibility. On remand, Mr. Allman was provided with an opportunity and he failed to show that the prosecutrix's disorder affected her credibility as a witness.

For the above stated reasons, the judgment of the Circuit Court of Wood County is affirmed.

Affirmed.

**4.** The defendant did not subpoena the prosecutrix's treating physicians or any other expert to testify at the *in camera* hearing. However, Mr. Allman's counsel sought to expand the scope of the hearing by indicating the prosecutrix's medical records were also relevant to (1) his motion for a psychological examination of her, (2) raising by *in camera* hearing, the issue of the admissibility of alleged prior sexual acts, (3) the issue of consent, and (4) the proper investigation of the case before trial.