# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## September 2013 Term

**FILED**

**October 17, 2013**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 12-0439

**STATE OF WEST VIRGINIA,**
**Plaintiff Below, Respondent**

**V.**

**JEREL ADDISON GARNER,**
**Defendant Below, Petitioner**

---

**Appeal from the Circuit Court of Cabell County**
**Honorable Alfred E. Ferguson, Judge**
**Criminal Action No. 09-F-47**
**REVERSED AND REMANDED**

---

**Submitted: October 2, 2013**
**Filed: October 17, 2013**

William C. Forbes                          Patrick Morrisey,
Forbes Law Offices, PLLC              Attorney General
Charleston, West Virginia             Julie Warren,
Attorney for the Petitioner           Assistant Attorney General
                                      Charleston, West Virginia
                                      Attorneys for Respondent

**Opinion of the Court was delivered PER CURIAM.**

**SYLLABUS BY THE COURT**

1.  "'The Confrontation Clause contained in the Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall . . . be confronted with the witnesses against him." This clause was made applicable to the states through the Fourteenth Amendment to the United States Constitution.' Syllabus point 1, *State v. James Edward S.*, 184 W. Va. 408, 400 S.E.2d 843 (1990)[, *overruled in part on other grounds by* Syl. pt. 7, *State v. Mechling* 219 W. Va. 366, 633 S.E.2d 311 (2006)]." Syllabus point 2, *State v. Jarrell*, 191 W. Va. 1, 442 S.E.2d 223 (1994).

2.  "'The Sixth Amendment to the United States Constitution guarantees an accused the right to confront the witnesses against him. The Sixth Amendment right of confrontation includes the right of cross-examination.' Syllabus point 1, *State v. Mullens*, 179 W. Va. 567, 371 S.E.2d 64 (1988)." Syllabus point 3, *State v. Jarrell*, 191 W. Va. 1, 442 S.E.2d 223, (1994).

3.  "'"Failure to observe a constitutional right constitutes reversible error unless it can be shown that the error was harmless beyond a reasonable doubt." Syllabus point 5, *State ex rel. Grob v. Blair*, 158 W. Va. 647, 214 S.E.2d 330 (1975).' Syllabus point

i

14, *State v. Salmons*, 203 W. Va. 561, 509 S.E.2d 842 (1998)." Syllabus point 5, *State v. Flippo*, 212 W. Va. 560, 575 S.E.2d 170 (2002).

**Per Curiam:**

In this appeal, Jerel Addison Garner (hereinafter "Mr. Garner"), challenges his convictions for Voluntary Manslaughter,[1] Wanton Endangerment,[2] and Carrying a Concealed Weapon Without a Permit (second offense).[3] He alleges numerous errors;[4] however, this case is resolved on the issue of Mr. Garner's right to effectively cross-examine a key witness. Having thoroughly considered the parties' briefs, relevant portions of the appendix record, oral argument and relevant law, we find that Mr. Garner's Sixth Amendment right of confrontation was denied. Accordingly, we reverse this case and remand for a new trial.[5]

---

[1]*See* W. Va. Code § 61-2-4 (1994) (Repl. Vol. 2010).

[2]*See* W. Va. Code § 61-7-12 (1994) (Repl. Vol. 2010).

[3]*See* W. Va. Code § 61-7-3 (1989) (Repl. Vol. 2010).

[4]In addition to claiming that the trial court denied him the right to effective cross-examination, Mr. Garner has alleged that the trial court further erred by: (1) failing to grant him credit for time served; (2) failing to strike a juror for cause; (3) failing to grant his motions for acquittal and for a new trial based upon insufficiency of the evidence; (4) refusing to provide him proper materials and/or time to prepare for jury selection; (5) refusing to give certain jury instructions he proposed; (6) denying him the right to use a witness' pre-trial statement as impeachment evidence; and (7) allowing improper hearsay evidence. Mr. Garner also contends that the State erred by: (1) failing to disclose exculpatory evidence; and (2) making improper comments during closing argument. Finally, Mr. Garner submits that the cumulative error doctrine requires reversal of his conviction. Because we find reversible error based upon the denial of Mr. Garner's right to effectively cross-examine a key witness, we do not reach his remaining assigned errors.

[5]While this case was pending before the Court, Patrick Morrisey was sworn into office as Attorney General for the State of West Virginia, replacing former Attorney General Darrell V. McGraw, Jr.

# I.

## FACTUAL AND PROCEDURAL HISTORY

The events that lead to Mr. Garner's convictions occurred in the early morning hours of July 5, 2008, outside a nightclub in Huntington, West Virginia. Mr. Garner was in his car outside of the nightclub when it closed.[6]

As patrons were leaving the nightclub, Curtis Keyes pounded on the side of Mr. Garner's car and shouted at him. Thereafter, gun shots were exchanged between Mr. Garner and one or more others at the scene. When the conflict was over, Donte Newsome had been shot and killed, Curtis Keyes had been shot once, and Mr. Garner had sustained three bullet wounds. Ivan Clark, a friend of Donte Newsome, had also fired shots during the altercation.

As a result of the above-described events, Mr. Garner was charged with First-Degree Murder, Attempted First-Degree Murder, Voluntary Manslaughter, Wanton Endangerment, and Carrying a Concealed Weapon Without a Permit.

At trial, the State contended that Mr. Garner had been the aggressor in this

---

[6]Mr. Gamer apparently had earlier engaged in a verbal confrontation with several people inside the nightclub after another patron had allegedly made a pass at Mr. Garner's girlfriend. Following the confrontation, Mr. Garner and his girlfriend departed, but then subsequently returned and parked outside of the nightclub.

3

dispute. The State presented evidence that, after Curtis Keyes pounded on the side of Mr. Garner's car, Mr. Garner exited the car, began shooting, and ultimately killed an unarmed Donte Newsome and wounded an unarmed Curtis Keyes. After Mr. Garner began shooting, according to the State's evidence, Ivan Clark retrieved a gun from the trunk of his car to defend himself and his friends. Ivan Clark shot at Mr. Garner wounding him three times.

Mr. Garner's defense theory was that he was attacked. He asserted that Curtis Keyes was, in fact, armed with a gun. Mr. Garner, through his counsel,[7] attempted to establish that he acted in self-defense and sustained the three gunshot wounds while being shot at by multiple individuals.

Following a six day jury trial, Mr. Garner was convicted of Voluntary Manslaughter in violation of W. Va. Code § 61-2-4 (1994) (Repl. Vol. 2010), Wanton Endangerment in violation of W. Va. Code § 61-7-12 (1994) (Repl. Vol. 2010), and Carrying a Concealed Weapon Without a Permit in violation of W. Va. Code § 61-7-3 (1989) (Repl. Vol. 2010).[8] The circuit court imposed consecutive sentences of fifteen years for Voluntary Manslaughter, five years for Wanton Endangerment, and one to five years for Second Offense Carrying a Concealed Weapon Without a Permit. The Circuit Court of

---

[7]Mr. Garner exercised his right to remain silent during his trial.

[8]Mr. Garner was acquitted of the charges of First-Degree Murder and Attempted First-Degree Murder.

Cabell County subsequently entered an order on February 22, 2012, re-sentencing Mr. Garner for purposes of appeal.[9]  This appeal followed.

## II.

## STANDARD OF REVIEW

The dispositive issue raised in this appeal alleges the circuit court's improper interference with Mr. Garner's cross-examination of a key witness.

> "'The extent of the cross-examination of a witness is a matter within the sound discretion of the trial court; and in the exercise of such discretion, in excluding or permitting questions on cross-examination, its action is not reviewable except in the case of manifest abuse or injustice.' Syl. pt. 4, *State v. Carduff*, 142 W. Va. 18, 93 S.E.2d 502 (1956)." *Syllabus, State v. Wood*, 167 W. Va. 700, 280 S.E.2d 309 (1981).

Syl. pt. 12, *State v. McIntosh*, 207 W. Va. 561, 534 S.E.2d 757 (2000).  With due regard for this standard for our review, we proceed to our discussion of this issue.

## III.

## DISCUSSION

This case turns on the issue of defense counsel's cross-examination of Ivan Clark (hereinafter "Clark"), who was a key witness in the trial.  Defense counsel was questioning Clark about specifics of the gun fight in an apparent attempt to undermine the

---

[9]The circuit judge who issued the re-sentencing order for purposes of this appeal is not the judge who presided over Mr. Garner's trial.

State's theory that Mr. Garner had fired the first shots. During the course of defense counsel's cross-examination, the circuit court interrupted and directed counsel to meet with prosecutors and the witness to prepare questions for the continuation of defense counsel's cross-examination of Clark. Following is the relevant excerpt from the cross-examination of Clark, a portion of which occurred in the presence of the jury:

> THE COURT: I am going to take a five, ten minute recess and ask you to prepare questions for your witness.
>
> MR. WILLIAM FORBES: Your Honor, I –
>
> THE COURT: No, just a moment. Have them prepared. Have him address those questions to you so that you will be expecting those answers and get them straight.
>
> MR. WILLIAM FORBES: Your Honor, I am cross-examining the witness. I don't have any idea what he is going to say.
>
> THE COURT: Well, I am going to help you. We are going to take a ten minute recess, and you – and counsel for the State can be present – and get them straight. This is a ten minute recess.
>
> MR. WILLIAM FORBES: Thank you, Your Honor.
>
> **WHEREUPON** the jury retired into the jury room, and the following proceedings were had out of the presence and hearing of the jury:
>
> THE COURT: One of you will go with Mr. Forbes. Give him use of one of the rooms and -- the adjacent rooms. Quit messing around. You have got ten minutes.
>
> MR. WILLIAM FORBES: Your Honor, this is the way I cross-examine people. I ain't going to be able to change. I have been doing it for thirty years. This is the first time I have

had this problem.

The Court: Well, maybe you better sharpen it up.

MR. WILLIAM FORBES: I would like to make a motion that I think my client's rights for a fair trial are being denied by interference of my ability to cross-examine this witness, and I want that on the record.

THE COURT: It may be on the record.

MR. CHILES: May we go back in Judge Ferguson's chambers?

THE COURT: Yes, wherever, just get it done.

**WHEREUPON** at 2:36 p.m. a recess was had until 2:45 p.m., after which the trial continued, there being present the same parties as heretofore noted, including the Defendant and his counsel.

THE COURT: Bring the jury out.

**WHEREUPON** the jury returned into the courtroom and the proceedings were resumed within the presence and hearing of the jury, as follows:

. . . .

MR. WILLIAM FORBES: If I may in all due respect to the Court in the humblest manner possible, when we broke I ended up with two Prosecutors, their witness, and myself and I believe the direction was to go over his future testimony with him.

THE COURT: I recall the directions of the Court.

MR. WILLIAM FORBES: All right.

THE COURT: And I remember them well, and you may put your objections on the record later. Proceed.

7

Mr. Garner argues that the circuit court's actions were highly improper, highly prejudicial, and an unconstitutional abuse of discretion that restricted Mr. Garner's fundamental right to cross-examination. The State responds that the circuit court was simply frustrated with defense counsel's somewhat rambling cross-examination of Clark. Mr. Garner's argument implicates the Confrontation Clause:

> "The Confrontation Clause contained in the Sixth Amendment to the United States Constitution provides: 'In all criminal prosecutions, the accused shall . . . be confronted with the witnesses against him.' This clause was made applicable to the states through the Fourteenth Amendment to the United States Constitution." Syllabus point 1, *State v. James Edward S.*, 184 W. Va. 408, 400 S.E.2d 843 (1990)[, *overruled in part on other grounds by* Syl. pt. 7, *State v. Mechling* 219 W. Va. 366, 633 S.E.2d 311 (2006)].

Syl. pt. 2, *State v. Jarrell*, 191 W. Va. 1, 442 S.E.2d 223 (1994). This Court has recognized that "'[t]he Sixth Amendment to the United States Constitution guarantees an accused the right to confront the witnesses against him. The Sixth Amendment right of confrontation includes the right of cross-examination.' Syllabus point 1, *State v. Mullens*, 179 W. Va. 567, 371 S.E.2d 64 (1988)." Syl. pt. 3, *State v. Jarrell*, 191 W. Va. 1, 442 S.E.2d 223. *See also* Syl. pt. 2, *State v. Bohon*, 211 W. Va. 277, 565 S.E.2d 399 (2002) ("'The fundamental right to confront one's accusers, which contemplates the opportunity of meaningful cross-examination, is guaranteed by Article III, Section 14 of the West Virginia Constitution.' Syllabus Point 1, *State ex rel. Grob v. Blair*, 158 W. Va. 647, 214 S.E.2d 330 (1975).").

8

In this case, the circuit court's bizarre demand, that defense counsel meet privately with two prosecutors and the State's witness in order to prepare the witness for questions that would be asked when cross-examination resumed, deprived Mr. Garner of his right to effectively cross-examine a key witness for the State. Cross-examination is an adversarial undertaking. An important part of an adversarial cross-examination is the demeanor of the witness. An uncooperative witness may be viewed by the jury as less than honest. Similarly, a spontaneous reaction by the witness to an unexpected question could be quite revealing as to the veracity of the witness' answer. *See California v. Green*, 399 U.S. 149, 158, 90 S. Ct. 1930, 1935, 26 L. Ed. 2d 489 (1970) (commenting that "[c]onfrontation: . . . permits the jury that is to decide the defendant's fate to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility."]. Indeed, this Court recently observed that cross-examination is "the greatest legal engine ever invented for the discovery of truth[.]" *Multiplex, Inc. v. Clay*, No. 12-0418, ___ W. Va. ___, ___, ___ S.E.2d ___, ___, slip op. at 20 (October __, 2013) (quoting *California v. Green*, 399 U.S. at 158, 90 S. Ct. at 1935, 26 L. Ed. 2d 489) (internal quotations and additional citation omitted).

It is well established that the

> "'[f]ailure to observe a constitutional right constitutes reversible error unless it can be shown that the error was harmless beyond a reasonable doubt.' Syllabus point 5, *State ex rel. Grob v. Blair*, 158 W. Va. 647, 214 S.E.2d 330 (1975)." Syllabus point 14, *State v. Salmons*, 203 W. Va. 561, 509 S.E.2d

9

842 (1998).

Syl. pt. 5, *State v. Flippo*, 212 W. Va. 560, 575 S.E.2d 170 (2002).  By requiring defense counsel to prepare Clark in advance for the continuation of cross examination, the circuit court eliminated the purpose of cross-examination and rendered it utterly ineffective.  This conduct by the circuit court, without question, deprived Mr. Garner of his constitutional right to an effective cross-examination of a key witness.  Accordingly, Mr. Garner's convictions must be reversed and this case remanded for a new trial.

## IV.

## CONCLUSION

Based upon the foregoing analysis, we reverse this case and remanded for a new trial consistent with this opinion.

Reversed and Remanded.