STATE OF WEST VIRGINIA

*v.*

DONALD LEE ELLIS, JR.

(No. 13734)

Decided December 20, 1977.

*H. Truman Chafin* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Richard L. Earles,* Assistant Attorney General, for defendant in error.

NEELY, JUSTICE:

Appellant Donald Lee Ellis, Jr. was convicted by a jury in the Circuit Court of Mingo County of delivering a controlled substance, namely marijuana. The sale allegedly occurred while appellant and another young man, John David Browning, were together in appellant's automobile.

According to the State's evidence, appellant and Mr. Browning met a State Police undercover agent and an informer while driving in and around Gilbert. The four of them then went to a parking lot where Mr Browning, at the instance and direction of appellant, transferred marijuana belonging to the appellant to the undercover agent for $30.00.

The principal assignment of error is that the prosecuting attorney stated in opening argument that Mr. Browning had already pled guilty to an indictment arising from the same criminal incident in which appellant was involved. Upon calling Mr. Browning to the stand, the prosecuting attorney did indeed ask whether Mr. Browning had pled guilty to the same criminal offense. Appellant made a timely objection and, citing as authority *State v. Bennett,* W. Va., 203 S.E.2d 699 (1974), moved for a mistrial because of the presentation of evidence

of an admission or plea of guilty by a co-conspirator after the conspiracy had ended.

After the motion for a mistrial was made, the appellant, court, and attorneys retired to chambers. During their deliberations it became apparent that Mr. Browning was less than 18 years of age and had been indicted for two incidents of delivering a controlled substance; however, he had not pled guilty to the charges stemming from the criminal offense for which appellant was being tried.

The court, in an effort to cure the error, permitted the prosecuting attorney to reopen his direct examination of Mr. Browning to bring out that Mr. Browning only *believed* that he had pled guilty to the charges stemming from the criminal offense for which appellant was being tried, while in truth he had pled to unrelated charges. It was conclusively demonstrated to the jury that Mr. Browning had not pled guilty to delivery of a controlled substance under the facts involving the appellant, but that he would be happy to do so, and thought that he had done so.

I

We find that the intent of the prosecution was to introduce Mr. Browning's plea of guilty *for general purposes* as a co-conspirator after the conspiracy had ended.[1] While the State attempted to cure the error by demonstrating that Mr. Browning had not pled guilty to the offense in issue, the result of all the efforts to cure the error was merely to bring out that Mr. Browning was guilty of the offense charged, leaving the clear impression that appellant was guilty by association. Most importantly, the original error was not an unintentional

_____

[1] While prior cases talk in terms of the admission or confession of a co-conspirator, neither the case before us nor the Bennett case presented conspiracy indictments; however, it is obvious that the facts would have supported a conspiracy indictment under *W.Va. Code*, 61-10-31 [1971] as co-defendants are almost necessarily involved in a conspiracy. Consequently, we make no distinction for the purposes of this rule of evidence between co-defendants and co-conspirators.

blunder, but an intentional attempt to implicate appellant through guilt by association.

Our decision in *State v. Bennett, supra* was a little broad in holding that an inadvertent admission into evidence of the fact of an alleged co-conspirator's or accomplice's conviction or plea of guilty could not be cured by appropriate instructions. We prefer the handling of this matter in *Lewis v. Commonwealth*. 211 Va. 80, 175 S.E.2d 236 (1970) where the Virginia Supreme Court placed the matter in the sound discretion of the trial court, who is charged with determining whether actual prejudice will result if a mistrial is not granted.

In the case before us, however, the introduction of the evidence of confession was deliberate and the prosecutor gave it considerable emphasis in the development of his case. Attempts to cure the error only made the problem worse because they brought out that the accomplice would have pled guilty and was guilty. As the court relied on the fact that there had not actually been a plea, there were no limiting instructions which might have cured the problem in an appropriate manner. Even with appropriate instructions it is unlikely that the trial court could have satisfactorily overcome the confusion resulting from the prosecution's deliberate introduction of inadmissible evidence and later attempts at clarification; without appropriate instructions having been given, we must conclude defendant was actually prejudiced.

II

Appellant also challenges his conviction as a principal in the first degree because the evidence showed that Mr. Browning was the one who passed the marijuana to the undercover agent, received the $30.00, and passed the money to defendant. Mr. Browning testified that the marijuana belonged to appellant, and that Browning delivered it at appellant's direction.

*W.Va. Code,* 60A-4-401(a) [1971] provides:

"Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver,

> or possess with intent to manufacture or deliver,
> a controlled substance."

To "deliver" as stated in this statute specifically includes "constructive transfers" of a controlled substance, *W.Va. Code*, 60A-1-101(f) [1971]. We interpret a "constructive transfer" to be the transfer of a controlled substance either belonging to an individual or under his control by some other person or agency at the instance or direction of the individual accused of such constructive transfer. Accordingly, under the State's evidence, the defendant could have been found guilty as a principal in the first degree.

### III

We find no merit to appellant's allegation that the trial court was biased and should have disqualified himself because he had made prior public statements indicating that he was disposed as a matter of principle to sentencing offenders in drug related cases to the penitentiary, rather than placing them on probation.

The court's public posture with regard to sentencing did not demonstrate bias against the appellant individually, but rather a judicial philosophy concerning the appropriate means of furthering numerous public policies, including prevention of drug abuse, rehabilitation of offenders, and deterrence of potential offenders. The trial court stated on the record that the reason for his prior public pronouncements on the subject of sentencing of drug offenders was to avoid surprise in the community and to discourage potential drug offenders from taking this violation of the law lightly. We do not find this philosophical disposition a ground for disqualification. As this case was tried before *Stern Bros., Inc. v. McClure*, W.Va., 236 S.E.2d 222 (1977), its procedures did not apply.

For the reasons set forth above, the judgment of the Circuit Court of Mingo County is reversed, and the case is remanded for a new trial.

*Reversed and remanded.*