328 S.E.2d 699

**STATE of West Virginia**

v.

**Rodger L. PRESGRAVES.**

**No. 16309.**

Supreme Court of Appeals of West Virginia.

April 4, 1985.

Mary Rich Maloy, Asst. Atty. Gen., Charleston, for appellee.

Thomas L. Butcher, Public Legal Services, Charleston, for appellant.

PER CURIAM:

The appellant, Rodger Presgraves, was convicted by a jury in the Circuit Court of Pendleton County of delivery of a controlled substance, *i.e.*, marijuana, and conspiracy to possess and deliver a controlled substance, marijuana. The sale was allegedly made to Thomas Herman, an undercover informer working for the United States Navy in connection with an investigation of drugs being sold to Navy personnel. The West Virginia Department of Public Safety was notified of the investigation and the cooperation of troopers was requested for the arrest of non-Navy personnel.

According to the State's evidence, on July 23, 1983, Mr. Herman and two undercover State Police troopers went to an establishment known as Maxwell's Tavern where the appellant worked as a bartender. The appellant approached Mr. Herman and asked him if he wanted to buy some marijuana at a cost of $10.00 per gram. Mr. Herman answered that he would buy three grams at a total cost of $30.00. Appellant then left the tavern saying that he would return in an hour. When he returned, the appellant told Mr. Herman to go to a pick-up truck parked outside the tavern. When Mr. Herman reached the truck the appellant's girlfriend, Missy DeBarr, was in there. The actual transfer of the marijuana took place in the truck. Ms. DeBarr handed Mr. Herman a tinfoil containing marijuana and he, in turn, gave her two twenty dollar bills. She went into the tavern and returned with two five dollar bills which was Mr. Herman's change from the transaction. He then turned the marijuana and the change he received over to the undercover troopers.

The appellant's principal assignment of error is that the police violated *W.Va. Code* 61–6–11 [1984] by coordinating their activities with United States Navy personnel who were not residents of West Virginia.[1] We very recently addressed this precise issue in *State v. Maxwell*, 174 W.Va. 632, 328 S.E.2d 506 (1985), a case that arose out of the same investigation that is the subject of this appeal. In *Maxwell*, we stated that while the statute may prohibit the police from employing nonresidents to perform police work, it does not prohibit the police from coordinating their activities with another law enforcement agency conducting an investigation in West Virginia. In this instance the State Police did not "engage or employ" members of the Navy; they merely assisted the Navy in its investigation. Therefore, there was no violation of the statute and the court did not err by admitting evidence gathered out of the investigation.

The appellant also asserts that the evidence from the investigation was improperly admitted at his trial because the police violated 18 U.S.C. § 1385 [1982],[2] which prohibits the use of the Army or Air Force[3] as a *posse comitatus* or otherwise

---

1. *W.Va.Code* 61–6–11 [1984] states in part:
   It shall be unlawful for any officer in this State to knowingly engage or employ any person not a bona fide resident of West Virginia, at the time of such employment, to do or perform any police duty of any sort therein, or in any way to aid or assist in the execution of the laws of this State.

2. 18 U.S.C. § 1385 [1982] states:
   Whoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army or the Air Force as a posse comitatus or otherwise to execute the laws shall be fined not more than $10,000 or imprisoned not more than two years, or both.

3. The statute has also been held to apply to the Navy. *See United States v. Walden*, 490 F.2d 372 (4th Cir.1974), *cert. denied*, 416 U.S. 983, 94 S.Ct. 2385, 40 L.Ed.2d 760 (1974).

to execute the laws of the state. We also addressed this issue in *State v. Maxwell, supra,* and held that there was no violation of this statute in this investigation because the West Virginia State Police did not seek the assistance of the Navy; instead, the West Virginia authorities were contacted by the Navy. The fact that the Navy's internal investigation happened to uncover wrongs by civilians does not bring the case within the scope of 18 U.S.C. § 1385 or render the Navy agents incompetent as witnesses. As we stated in Syllabus Point 2 of *Maxwell:*

> Where a Navy internal investigation uncovers illegal conduct by civilians, the Navy agents are not prohibited by 18 U.S.C. § 1385 (1982) from coordinating their activities with West Virginia law enforcement officers or from testifying in the subsequent criminal trial of said civilians.

Therefore, again we find no error.

█ The appellant also challenges his conviction for delivery of a controlled substance on the ground that the evidence which showed that Missy DeBarr possessed and delivered the marijuana was insufficient to support a verdict against him as a principal in the first degree. Mr. Herman testified that the appellant asked him if he wanted to buy marijuana and then directed him to the truck where the sale took place.

*W. Va. Code* 60A–1–101(g) [1983] defines delivery to specifically include constructive transfers. In Syllabus Point 4 of *State v. Ellis,* 161 W.Va. 40, 239 S.E.2d 670 (1977), we stated:

> Under *W. Va. Code,* 60A–1–101(f) [1971], 'constructive transfer' of a controlled substance means the transfer of a controlled substance belonging to an individual or under his control by some other person or agency at the instance or direction of the individual accused of such constructive transfer.[4]

Accordingly, under the State's evidence, the appellant could have been found guilty as a principal in the first degree even though *he did not personally make the sale.*

For the reasons set forth above, the judgment of the Circuit Court of Pendleton County is affirmed.

Affirmed.

---

4. *W. Va. Code* 60A–1–101(f) [1971] has been amended and is now *W. Va. Code* 60A–1–101(g) [1983].