425 S.E.2d 221

**In the Matter of John HEY, Judge of the Thirteenth Judicial Circuit.**

**No. 19770.**

Supreme Court of Appeals of West Virginia.

Submitted Nov. 4, 1992.

Decided Dec. 17, 1992.

David R. Janes, Fairmont, for Judicial Investigation Com'n of W. Va.

John W. Swisher, Charleston, for Judge Hey.

McHUGH, Chief Justice:

The West Virginia Judicial Hearing Board, after a full hearing, found that John Hey, Judge of the Thirteenth Judicial Circuit, violated Canon 3A(6) of the *Judicial Code of Ethics* [1976] and recommended that Judge Hey be publicly censured and be required to pay the costs of the proceedings. Although the Board exceeded its authority by rendering a finding that Judge Hey's actions occurred outside the course of his official duties, we conclude that the adoption of this finding is not necessary to determine that Judge Hey violated Canon 3A(6). After an independent evaluation of the record, we find that Judge Hey's public comments violated Canon 3A(6) of the *Judicial Code of Ethics* [1976] and, therefore, we adopt the recommendation of a public censure, but do not adopt the recommendation that Judge Hey be required to pay the costs of the proceedings.

The complaint arose because Judge Hey appeared on a nationwide television program titled "Crossfire" and discussed specific facts and issues of a case which was pending before this Court pursuant to a

petition to prohibit enforcement of an order entered by Judge Hey. *See Judith R. v. Hey*, 185 W.Va. 117, 405 S.E.2d 447 (1990) for a discussion of the underlying case.[1] The "Crossfire" program was televised on November 8, 1989 and during the program, Judge Hey made negative comments about the child's educational performance, the child's church attendance, and cast aspersions on the mother's fitness and character as a custodial parent. *See Judith R.* notes 3 and 4 at 122, 405 S.E.2d at 452, for the text of Judge Hey's comments. In *Judith R.*, we noted that "no evidence was taken as to any of these matters ... [and wondered] where the judge came into possession of this information." *Judith R.* at 122, 405 S.E.2d at 452.

On September 17, 1990, the Judicial Investigation Commission found probable cause to file a complaint with the West Virginia Judicial Hearing Board charging Judge Hey with violation of Canon 3A(6) of the *Judicial Code of Ethics* [1976]. After a hearing, the Board filed recommended findings of fact, conclusions of law and proposed a disposition. Paragraph 8 of the Board's findings of fact said:

> The comments made by John Hey during the television network program were not made in the course of the Judge's official duties, and were not offered to explain for public information the procedures of the Court.[2]

The Board found a violation of Canon 3A(6) and by a vote of 5 to 3 recommended that Judge Hey be publicly censured and be required to pay the costs of the proceedings.

I

Canon 3A(6) of the *Judicial Code of Ethics* [1976] states:

> A judge should abstain from public comment about a pending or impending proceeding in any court, and should require similar abstention on the part of court personnel subject to his direction and control. This subsection does not prohibit judges from making public statements in the course of their official duties or from explaining for public information the procedures of the court.

In *Judicial Inquiry Comm'n. of W.Va. v. McGraw*, 171 W.Va. 441, 443, 299 S.E.2d 872, 874 (1983), we noted that "a judge will not be disqualified to sit on a case merely by expressing his opinion on a question of law involved in a case in his court or which may later come before him. (Citations omitted)." In *McGraw*, we concluded that a judge's general public remark "as to a legal issue does not automatically require his later disqualification when the issue is presented to him in a specific case." *Id.* at 444, 299 S.E.2d at 875. In *McGraw*, we discussed the case of *Papa v. New Haven Federation of Teachers*, 186 Conn. 725, 444 A.2d 196 (1982) (concerning the disqualification of a judge because of his public statements), and we noted that the Supreme Court of Connecticut found error when the judge's public statement "in the specific context of the case could raise a reasonable question as to his impartiality." *McGraw*, 171 W.Va. at 444, 299 S.E.2d at 875. *See Judith R. supra*, 185 W.Va. at 123–24, 405 S.E.2d at 453–54 for an additional discussion of the *Papa* case. *See also* Syllabus Point 5, *State v. Ellis*, 161 W.Va. 40, 239 S.E.2d 670 (1977) (holding a judge's public statements endorsing mandatory penitentiary sentencing for drug-related offenses did not disqualify him in a subsequent drug-related case); *Taylor County Commission v. Spencer*, 169 W.Va. 37, 52, 285 S.E.2d 656, 664 (1981) (holding a judge's comments in an unrelated case that unfavorably compared the court's to the county commission's facilities did not disqualify him from presiding over a case involving the county commission).

Judge Hey acknowledges that the test for judicial impropriety under Canon 3A(6)

---

**1.** For other litigation arising from these matters *see Roush v. Roush*, 767 F.Supp. 1344 (S.D.W.Va.1991), *aff'd* 952 F.2d 396 (4th Cir. 1991) (Table. Text in Westlaw No. 91–2539), *cert. denied* —— U.S. ——, 112 S.Ct. 1948, 118 L.Ed.2d 552 (1992); *Roush v. Hey*, No. 90–C–

4065 (Cir.Ct. Kanawha County filed Nov. 8, 1990).

**2.** At least one member of the Board objected to the adoption of Paragraph 8.

is whether the judge's public comments on a specific case raise a reasonable question as to impartiality. It is undisputed that during the nationwide television program, Judge Hey talked about the specifics of the underlying case and made adverse comments about one of the parties.[3] However, Judge Hey maintains that he was not in technical violation of Canon 3A(6) because the underlying case was not pending in his court. The record indicates that the underlying case was pending before this Court on a petition to prohibit Judge Hey from enforcing his order.[4] Because "Judge Hey ... departed from his neutral role," we departed from our procedure of remanding the case to the judge who originally presided, and directed the case be assigned to another judge. *Judith R.*, 185 W.Va. at 124, 405 S.E.2d at 454. Because at the time of Judge Hey's public comments the underlying case was a "pending or impending proceeding in any court" and under our procedures would have been remanded to Judge Hey, we find no merit in this argument.

## II

The Board's findings of fact included the determination that Judge Hey's actions "were not made in the course" of his official duties and "were not offered to explain for public information the procedures of the Court". *See supra* p. 223 for the text of Paragraph 8 of the Board's findings of fact. Although it is not necessary to adopt

Paragraph 8 to find that Judge Hey violated Canon 3A(6), the Board's adoption of this finding was based on an incorrect interpretation of what constitutes a judge's "official duties" under the *Judicial Code of Ethics*. The issue of what constitutes a judge's "official duties" under the *Judicial Code of Ethics* is narrow and has no application outside of a judicial discipline proceeding under the *Judicial Code of Ethics*.[5]

Under Canon 3A(6) of the *Judicial Code of Ethics* [1976], judges' public statements shall be considered to be in the "course of their official duties" when the statement is part of an official duty, or related to an official duty, or is sought from or given by the judge because of his or her official position. Other courts that have considered Canon 3A(6) have assumed that the public comments of a judge concerning a case he or she presided over were part of the "course of their official duties". *See Papa supra; Shapley v. Texas Dept. of Human Resources*, 581 S.W.2d 250, 253 (Tex.Civ.App.1979) (finding a violation of Canon 3A(6) when a judge, after the first hearing on a child abuse case, told the press that in his opinion the "child had been tortured" when the evidence showed bruises and superficial abrasions); *Matter of Sheffield*, 465 So.2d 350 (Ala.1984) (holding that a judge's specific comments on the merits of a pending case over the telephone to a newspaper editor violated Canon 3A(6)); *State ex rel. Commission on Judi-*

---

**3.** Although at the beginning of the "Crossfire" program, Judge Hey said, "I won't get into the merits of this particular case," he then proceeded to do so.

**4.** On "Crossfire," Judge Hey said, "The case is pending before the W.Va. Supreme Court of Appeals and they have not yet ruled."

**5.** The Board, by adopting Paragraph 8, urges this Court to consider how the doctrine of judicial immunity might apply in this case. Because the doctrine of judicial immunity was not considered upon an adequate record by a court of general jurisdiction, we decline to address the application of the doctrine in the context of a judicial disciplinary procedure. Because the Court does not address the question of judicial immunity in this decision, this decision should in no way be treated as having precedential value on the question of when a judge has

judicial immunity. Rather this Court has endorsed a functional approach to determine when a judge's acts are "truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges." *Carey v. Dostert*, 185 W.Va. 247, 253, 406 S.E.2d 678, 684 (1991), quoting *Forrester v. White*, 484 U.S. 219, 226–227, 108 S.Ct. 538, 544, 98 L.Ed.2d 555 (1988). *See also Pritchard v. Crouser*, 175 W.Va. 310, 332 S.E.2d 611 (1985) (emphasizing that immunity is required to preserve a independent judiciary); *State ex rel. Payne v. Mitchell*, 152 W.Va. 448, 451, 164 S.E.2d 201, 203 (1968); *Fausler v. Parsons*, 6 W.Va. 486 (1873) (holding where the subject matter and the person are within the jurisdiction of the court, the judge is not subject to civil action for any minor matter done "in the exercise of his judicial functions").

*cial Qualifications v. Rome*, 229 Kan. 195, 623 P.2d 1307, *cert. denied*, 454 U.S. 830, 102 S.Ct. 127, 70 L.Ed.2d 108 (1981) (holding a judge's delivery of a contested memorandum of fact to the news media violated Canon 3A(6)). *See also Scott v. Flowers*, 910 F.2d 201 (5th Cir.1990) (holding that a reprimand violated the first amendment right of a judge to make truthful public statement critical of the administration of the county judicial system of which he is a part.)

▮ In the present case, we find that the only reason Judge Hey was invited to appear on the television program was because he was the judge who entered the order concerning Judith R. Although Judge Hey's comments did not occur on the bench, we find under the *Judicial Code of Ethics* that his comments were directly related to his official position and thus arose in the course of his official duties.

▮ The Board exceeded its authority in adopting the findings in Paragraph 8 because under Rule III(C)(13) [1992] of the *West Virginia Rules of Procedure for the Handling of Complaints Against Justices, Judges, Magistrates and Family Law Masters*, the Judicial Hearing Board is limited to making a "written recommendation, which shall contain findings of fact, conclusions of law and proposed disposition." The Board's limited grant of authority under Rule III(C)(13) does not empower the Board to made a legal decision, such as the legal decision contained in Paragraph 8. Because the Board acts only in a limited judicial capacity, the Board is without authority to make a legal decision that is entitled to preclusive or *res judicata* effect.

## III

▮ Syllabus Point 4, *In re Pauley*, 173 W.Va. 228, 314 S.E.2d 391 (1983), stated the standard of evidence necessary to prove allegations of a complaint in a judicial disciplinary proceeding:

> Under Rule III(C)(2) (1983 Supp.) of the West Virginia Rules of Procedure for the Handling of Complaints Against Justices, Judges and Magistrates, the allegations of a complaint in a judicial disciplinary proceeding "must be proved by clear and convincing evidence."

The determination of whether the allegations have been proved by "clear and convincing evidence," requires an independent evaluation of the Board's findings and recommendations by this Court. The requirement was stated in Syllabus Point 1, *In the Matter of Kaufman*, 187 W.Va. 166, 416 S.E.2d 480 (1992):

> "The Supreme Court of Appeals will make an independent evaluation of the record and recommendations of the Judicial (Hearing) Board in disciplinary proceedings." Syllabus point 1, *West Virginia Judicial Inquiry Commission v. Dostert*, 165 W.Va. 233, 271 S.E.2d 427 (1980).

Implicit in this requirement "is the right to accept or reject the disciplinary sanction recommended by the Board." *Matter of Crislip*, 182 W.Va. 637, 638, 391 S.E.2d 84, 85 (1990).

Based on our independent evaluation of the record and the Board's recommendations, we find that the Board correctly concluded that Judge Hey violated Canon 3A(6) of the *Judicial Code of Ethics* [1976].

> Judges must refrain from taking actions which increase the potential for harm to both their own reputations and careers and the court system in general.

*Matter of Kaufman, supra,* 187 W.Va. at 171, 416 S.E.2d at 485.

Although we concur with the Board that Judge Hey violated Canon 3A(6) of the *Judicial Code of Ethics* [1976], we decline to adopt all the sanctions recommended by the Board. We find that Judge Hey's conduct was public and sufficiently serious to merit a public censure. However, we do not believe that the sanction of payment of costs should be applied in this case. If the sanction of payment of costs were applied routinely, many complaints would be uncontested because a reprimand would be preferred to the expense of a possible defense. In the present case, we find that (1) the public nature of Judge Hey's conduct

**550**

requires a public censure and (2) Judge Hey should not be required to pay the costs of the proceeding.

For the above stated reasons, we adopt only the sanction of public censure that was recommended by the West Virginia Judicial Hearing Board in its July 31, 1992 order. Therefore, we have determined that Judge Hey should be publicly censured.

Public Censure.

NEELY, J., concurs in part, dissents in part and reserves the right to file a concurring and dissenting opinion.

NEELY, Justice, concurring in part and dissenting in part:

Although I dissent to the severity of the punishment, I join with the majority in their attempt to imbue the judicial disciplinary process with equity and justice and, therefore, concur in all syllabi.

Although the majority has worked arduously to strike a proper balance, I nonetheless believe that the Board's severe treatment of Judge Hey was motivated, in part, by the unpopular position advocated by Judge Hey in his public statement. Members of the judiciary are required by the *Judicial Code of Ethics* [1976] to refrain from commenting on a pending proceeding (Canon 3A(6)) and "to contribute to the improvement of the law, the legal system, and the administration of justice...." Commentary, Canon 4. The canons, especially for an elected judiciary, create a narrow path that is similar to the Straits of Messina. If a judge's comments stray to a specific case, the snarling dogs of Scylla await; if a judge fails to maintain a public image, the whirlpool of Charybdis awaits.

In appearing on nationwide television, Judge Hey was attempting to make a public statement (Slip op. note 3); however, he strayed to the merits of a pending case.

Because of Judge Hey's politically incorrect position [1], the majority's dearth of judicial sympathy results in a severe sanction. If Judge Hey, while attempting to make a statement supporting recycling (or any other currently politically correct position), had strayed into the merits of a case, I believe that the sanction would reflect substantial judicial sympathy because of the tensions inherent in an elected judiciary.[2] Because the sanction of a public censure is imposed to regulate the content of Judge Hey's speech, I dissent. If Judge Hey had spoken "correctly" to condemn a child rapist, the sanction, at most, would have been an admonishment. Accordingly, I believe the penalty too harsh.

---

**1.** *See Judith R. v. Hey*, 185 W.Va. 117, 125, 405 S.E.2d 447, 455 (1990) (Brotherton, J., concurring, in part and dissenting, in part) ("The majority is clearly wrong in permitting the fourteen-year-old child, Melissa R., to remain in the custody of her mother, Judith R., while she is openly co-habiting with a man and his family.")

**2.** *See, Judicial Inquiry Comm'n. of W. Va. v. McGraw*, 171 W.Va. 441, 442, 299 S.E.2d 872, 873 (1983) for an example of the substantial judicial sympathy extended to Justice McGraw's "public statements regarding the judiciary's independent budget-making power under the West Virginia Constitution. (Footnote omitted)."