437 S.E.2d 764

**In the Matter of Magistrate M. L. TWYMAN, Magistrate for Marion County.**

**No. 21531.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 5, 1993.

Decided Nov. 1, 1993.

Charles R. Garten, Charleston, for Judicial Investigation Com'n.

David R. Janes, Fairmont, for Magistrate M. L. Twyman.

PER CURIAM:

This matter is before this Court upon review of the judicial disciplinary proceeding initiated against M. L. Twyman, Magistrate for Marion County, West Virginia. The Judicial Investigation Commission ("the Commission") filed a complaint, with the West Virginia Judicial Hearing Board ("the Board") against Magistrate Twyman and charged her with violating Canon 3A(1) and (5) and Canon 3B(1) and (2) of the Judicial Code of Ethics.* Following a hearing on the matter, the Board recommended to this Court that the complaint against Magistrate Twyman be dismissed. We adopt the recommendation of the Board. For the reasons stated below, we hereby order that the complaint against Magistrate Twyman be dismissed.

I

Normally, Marion County has four magistrates, however, from April of 1990, through November of 1991, Marion County operated with only three magistrates. The fourth magistrate at that time, Ronald Crislip, was absent from his office during this time period, and he later passed away in April of 1991. The three remaining magistrates then became overloaded with the backlog created by the absence of Mr. Crislip.

The charges against Magistrate Twyman arose from an incident in which Raymond McIntire obtained a warrant for brandishing and assault against Byron Dunsler, in the Marion County Magistrate Court on November 3, 1991. The case of *State of West Virginia ex rel. Raymond McIntire v. Byron Dunsler* was assigned to Magistrate Twyman.

■ In magistrate court, criminal cases must be conducted within 120 days of the issuance of a warrant if the defendant is in custody or the defendant makes a motion for a speedy trial, or the case may be dismissed. Otherwise, a misdemeanor case must be commenced within one year from issuance of the warrant unless good cause exists for delay. *See State ex rel. Stiltner v. Harshbarger*, 170 W.Va. 739, 296 S.E.2d 861 (1982).

In November of 1991, Mr. McIntire contacted the Marion County Magistrate Court and was advised that the complaint had been served and a hearing date would be scheduled for December of 1991. On two other occasions Mr. McIntire contacted the magistrate court in order to find out the actual day of the hearing, and on each occasion, the hearing had been rescheduled for January of 1992, and then for May of 1992. The hearing was rescheduled a third time when Tammy Newhouse, the Magistrate Assistant for Magistrate Twyman, spoke with defense attorney, Ross Maruka, and he informed her that he could not be present for the hearing scheduled on May 19, 1992. The matter was continued, but notices of the continuance were not sent to the respective parties.

On September 9, 1992, a hearing was held before Magistrate Twyman with Mr. Maruka appearing on behalf of the defendant, Mr. Dunsler, and Assistant Prosecuting Attorney, Penny Hartman, appearing on behalf of the State. Mr. Maruka filed a motion to dismiss because the case had not been heard within 120 days. There was no objection made by the assistant prosecuting attorney, therefore, Magistrate Twyman dismissed the case. Following the hearing, Mr. McIntire was informed that his complaint had been dismissed.

On September 12, 1992, Mr. McIntire filed a complaint against Magistrate Twyman with the Commission. After reviewing the complaint, the Commission followed through with an investigation and found probable cause existed for the Commission to file a complaint with the Board. Accordingly, on January 12, 1993, the Commission filed a complaint against Magistrate Twyman charging her with violating Canon 3(A)(1) and (5) and

---

* The former Judicial Code of Ethics has been superseded by the Code of Judicial Conduct, effective January 1, 1993.

3B(1) and (2) of the Judicial Code of Ethics, which provides:

> The judicial duties of a judge take precedence over all his other activities. His judicial duties include all the duties of his office prescribed by law. In the performance of these duties, the following standards apply:
>
> A. Adjudicative Responsibilities.
>
> (1) A judge should be faithful to the law and maintain professional competence in it. He should be unswayed by partisan interests, public clamor, or fear of criticism. . . .
>
> (5) A judge should dispose promptly of the business of the court. . . .
>
> B. Administrative Responsibilities.
>
> (1) A judge should diligently discharge his administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court officials. . . . (2) A judge should require his staff and court officials subject to his direction and control to observe the standards of fidelity and diligence that apply to him.

On May 21, 1993, a hearing was held before the Board regarding the charges against Magistrate Twyman. On July 6, 1993, the Board submitted its findings of fact, conclusions of law and proposed disposition for review by this Court. The Board concluded and ultimately recommended that due to the overload in the Marion County Magistrate Court, Magistrate Twyman did not violate the above-mentioned Judicial Code of Ethics, and therefore, the complaint against Magistrate Twyman should be dismissed.

## II

■ With respect to the handling of complaints against magistrates, this Court set forth the requisite standard of proof initially in syllabus point 4 of *In Re Pauley*, 173 W.Va. 228, 314 S.E.2d 391 (1983): "Under Rule III(C)(2) [1992 Supp.] of the West Virginia Rules of Procedure for the Handling of Complaints Against Justices, Judges and Magistrates, the allegations of a complaint in a judicial disciplinary proceeding 'must be proved by clear and convincing evidence.'"

■ Upon review, this Court is required to make an independent evaluation of the Board's findings and recommendations as stated in syllabus point 1 of *West Virginia Judicial Inquiry Com'n v. Dostert*, 165 W.Va. 233, 271 S.E.2d 427 (1980): "The Supreme Court of Appeals will make an independent evaluation of the record and recommendations of the Judicial [Hearing] Board in disciplinary proceedings."

■ In the case before us, Magistrate Twyman is in essence charged with failing to diligently carry out her judicial and administrative duties. However, we are of the opinion that the delay which occurred in the case styled *State ex rel. Raymond McIntire v. Byron Dunsler* was justified in that the evidence presented supports Magistrate Twyman's contention that the Marion County Magistrate Office was faced with an unusually heavy workload due to the absence of the county's fourth magistrate.

The Commission contends that because Magistrate Twyman failed to promptly dispose of this criminal action, Mr. McIntire never had an opportunity to "have his day in court." As mentioned earlier, in magistrate court under certain circumstances criminal cases are to be heard within 120 days from the issuance of a warrant. However, as asserted by counsel for Magistrate Twyman, the general limit for hearing a criminal matter is one year from the issuance of the warrant unless good cause exists for delay. *See Stiltner, supra.* Mr. McIntire obtained his criminal warrant on November 4, 1991, and the hearing pertaining to this warrant was scheduled and heard on September 9, 1992, within the one-year limit per *Stiltner*. Therefore, Magistrate Twyman acted within the allotted time period mandated by West Virginia law.

We do not condone dilatory behavior on the part of judicial officers. However, we are of the opinion that due to the overload in the Marion County Magistrate Court at the time, the delay which occurred in the case of *State of West Virginia ex rel. Raymond McIntire v. Byron Dunsler*, was not intentional. Furthermore, the assistant prosecuting attorney did not object to the dismissal

even though more time remained before the lapse of the one-year period. Magistrate Twyman testified that had the State objected to the motion, citing good cause for the delay, then the case would have gone to trial.

This Court has independently evaluated the record in this case and heard oral arguments from the respective parties. For the reasons stated herein, we believe that the record is void of clear and convincing evidence to support the charges raised in the Commission's complaint against Magistrate Twyman, and therefore, we accept the recommendation of the Judicial Hearing Board to dismiss the complaint against Magistrate Twyman.

Complaint Dismissed.