450 S.E.2d 646

**In the Matter of John MENDEZ, Magistrate, Logan County.**

**No. 21868.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 13, 1994.

Decided Oct. 28, 1994.

58

Charles R. Garten, Charleston, Counsel for the Judicial Investigation Com'n of West Virginia.

John Mendez, pro se.

## PER CURIAM:

This is a judicial disciplinary proceeding instituted by the Judicial Investigation Commission of West Virginia against John Mendez, who was a magistrate in Logan County. The complaint, which charges that Mr. Mendez violated Canons 1, 2A and 7B(2) of the *Judicial Code of Ethics* [1989][1], is based on Mr. Mendez's plea of guilty to a violation of *W.Va.Code* 3-8-5d [1976] (receipt and expenditures of illegal cash contributions during his 1988 election campaign). The West Virginia Judicial Hearing Board recommends that Mr. Mendez be publicly censured, fined $1000.00 and required to pay the Commission's and Board's costs in this matter. Based on this Court's independent review of the record, we find that Mr. Mendez acted improperly and adopt the recommendations of the Board.

During the 1988 primary election campaign, Mr. Mendez, a Magistrate who was a candidate for re-election, made and received illegal cash campaign contributions, in violation of *W.Va.Code* 3-8-5d [1976]'s prohibition against making or receiving "a monetary contribution of fifty dollars or more in value, other than by check or money order."[2] On July 30, 1992, Mr. Mendez entered into a

1. Canon 1 of the *Judicial Code of Ethics* [1989] states:

    An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.

    Canon 2A of the *Judicial Code of Ethics* [1989] states:

    A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

    Canon 7B(2) of the *Judicial Code of Ethics* [1989] states in pertinent part:

    A candidate, including an incumbent judge, for a judicial office that is to be filled by public election between competing candidates should not himself solicit or accept campaign funds, or solicit publicly stated support, but he may establish committees of responsible persons to

secure and manage the expenditures of funds for his campaign and to obtain public statements of support for his candidacy. Such committees are not prohibited from soliciting campaign contributions and public support from lawyers. A candidate's committees may solicit funds in accordance with the state law. A candidate should not use or permit the use of campaign contributions for the private benefit of himself or members of his family.

    Although the *Judicial Code of Ethics* [1989] was superseded by the *Code of Judicial Conduct*, effective January 1, 1993, the allegation concerning Mr. Mendez arose before the effective date of the *Code of Judicial Conduct* [1993].

2. *W.Va.Code* 3-8-5d [1976] states:

    Any person who makes or receives a monetary contribution of fifty dollars or more in value, other than by check or money order, shall be guilty of a misdemeanor and, upon conviction, shall be fined a sum equal to three times the amount or value of the contribution.

plea agreement in which he agreed to "plead guilty to a one-count information ... charging him with violation of West Virginia Code, Chapter 3, Article 8, Section 5d...." Mr. Mendez, who was represented by counsel, expressly waived his rights. By order dated January 4, 1993, Mr. Mendez was found guilty as charged in the information and fined $15,000.

The Judicial Investigation Commission filed a complaint. During the March 9, 1994 hearing before the Judicial Hearing Board, Mr. Mendez admitted that he had pled guilty to the misdemeanor charge, resigned from office and had paid the fine. The Board found that Mr. Mendez's action had violated Canons 1, 2A and 7B(2) of the *Judicial Code of Ethics* [1989] and recommended that Mr. Mendez be publicly censured, fined $1,000 and required to pay the Commission's and Board's costs in this matter.

█ In Syllabus Point 4, *In re Pauley,* 173 W.Va. 228, 314 S.E.2d 391 (1983), this Court stated:

> Under Rule III(C)(2) (1983 Supp.) of the West Virginia Rules of Procedure for the Handling of Complaints Against Justices, Judges and Magistrates, the allegations of a complaint in a judicial disciplinary proceeding "must be proved by clear and convincing evidence."

*See* Syl. pt. 1, *In the Matter of Hey,* 188 W.Va. 545, 425 S.E.2d 221 (1992); *In the Matter of Crislip,* 182 W.Va. 637, 391 S.E.2d 84 (1990); *In the Matter of Karr,* 182 W.Va. 221, 387 S.E.2d 126 (1989).

█ Our traditional role in judicial disciplinary matters is to make an independent evaluation of the record and to determine the appropriateness of the sanction recommended by the Board. Syl. pt. 1, *West Virginia Judicial Inquiry Commission v. Dostert,* 165 W.Va. 233, 271 S.E.2d 427 (1980) states:

> Notwithstanding the provision of section twenty-four [§ 3–9–24], article nine of this chapter, a criminal prosecution or civil action for violation of this article shall be commenced within five years after the violation occurred.
> No person required to report under this article shall be found in violation of this article if any person, firm, association or committee

The Supreme Court of Appeals will make an independent evaluation of the record and recommendations of the Judicial (Hearing) Board in disciplinary proceedings.

*See* Syl. pt. 1, *In the Matter of Kaufman,* 187 W.Va. 166, 416 S.E.2d 480 (1992); Syl. pt. 1, *Matter of Crislip, supra;* Syl. pt. 1, *In re Pauley,* 173 W.Va. 228, 314 S.E.2d 391 (1984).

Our independent review of the record shows that Mr. Mendez violated Canons 1, 2A and 7B(2) of the *Judicial Code of Ethics* [1989] when, although prohibited by the *W.Va.Code,* he accepted a $5,000 donation in cash. The record indicates that Mr. Mendez pled guilty and admitted his guilt in this matter.

█ "When the language of a canon under the *Judicial Code of Ethics* is clear and unambiguous, the plain meaning of the canon is to be accepted and followed without resorting to interpretation or construction." Syl. pt. 1, *In the Matter of Karr, supra.* We note that Canons 1, 2A and 7B(2) are clear and unambiguous in their requirement that a judicial officer not violate the *W.Va.Code.*

█ In this case, Mr. Mendez pled guilty to accepting an illegal cash campaign contribution, was fined $15,000 and resigned his public office. Because of Mr. Mendez's resignation from public office, the sanction of suspension is foreclosed. Indeed, the only reasonable sanction open to this Court is publicly to censure Mr. Mendez. Inasmuch as Mr. Mendez was already fined $15,000 for accepting an illegal campaign contribution, we agree with the Judicial Hearing Board that a $1,000 fine is appropriate. We also find that Mr. Mendez should pay the Commission's and Board's costs in this matter. We emphasis that "[a]n independent and honorable judiciary is indispensable to justice

> making a contribution has provided false information to such person: Provided, That any person, firm, association or committee who provides false information to a person required to report under this article shall be guilty of a misdemeanor, as provided for in section twenty-three [§ 3–9–23], article nine of this chapter.

in" West Virginia. *Judicial Code of Ethics*, Canon 1 [1989].

Accordingly, this Court concludes that the recommendations of the Judicial Hearing Board should be adopted. It is, therefore, Ordered that Mr. Mendez be publicly censured, fined $1,000 and required to pay the Commission's and Board's costs in this matter.

Public Censure, Fine and Costs.

BROTHERTON, C.J., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.