450 S.E.2d 667

# In the Matter of Ward HARSHBARGER, Magistrate of Kanawha County.

## No. 21991.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 13, 1994.

Decided Nov. 1, 1994.

---

Charles R. Garten, Charleston, for Judicial Investigation Com'n.

Walter L. Wagner, Jr., Dunbar, for Ward Harshbarger, III.

## PER CURIAM:

The Judicial Investigation Commission (hereinafter "Commission") filed a complaint with the West Virginia Judicial Hearing Board (hereinafter "Board") against Ward Harshbarger, III, Magistrate of Kanawha County, and charged him with violating Canon 1 and Canon 2(A) of the Code of Judicial Conduct. Following a hearing on the matter, the Board found that Magistrate Harshbarger violated Canon 2(A) of the Code of Judicial Conduct and recommended to this Court that he be admonished and not pay the costs of the Board and the Commission.[1] After a review of the entire record, we agree with the Board's finding and, for the reasons stated below, adopt its recommendation that Magistrate Harshbarger be admonished and not pay the costs of the Board and the Commission.

### I

In March of 1993, the city of Dunbar, West Virginia, held a municipal election. Magistrate Harshbarger entered Precinct 453 and Precinct 454[2] while the polls were still open

---

1. In its *Recommended Findings of Fact, Conclusions of Law and Proposed Disposition* of this case, the Board does not address the allegation that Magistrate Harshbarger violated Canon 1.

2. The testimony of Rita Willis, an election commissioner, suggests that one precinct bordered on the other. She stated:

I told him he wasn't supposed to be in there. Then, he went right across. See, our precinct

and inquired as to the number of voters who had turned out to vote. At the time of the election, Magistrate Harshbarger did not live in either Precinct 453 or 454 and, therefore, was not registered to vote in either precinct.

Upon Magistrate Harshbarger's entrance into Precinct 454 to inquire about voter turn-out, Rita Willis, an election commissioner, asked him to leave, as state law forbids anyone who is not a voter from entering a polling place while the polls are open. *W.Va. Code*, 3-1-37 [1986].[3] Loretta Jones, an election worker at Precinct 454, testified that after she refused to answer Magistrate Harshbarger's questions regarding the vote count, she asked him to leave the precinct. Magistrate Harshbarger refused to leave and proceeded to tell a voter that he would speak to him outside. Magistrate Harshbarger remained outside the polling place in order to speak to the voter. Magistrate Harshbarger eventually left the polling place voluntarily and later testified that he was unaware that state law, namely *W.Va.Code*, 3-1-37, restricts the presence of nonvoters at polling places.

## II

"Under Rule III(C)(2) (1983 Supp.) of the West Virginia Rules of Procedure for the Handling of Complaints Against Justices, Judges and Magistrates, the allegations of a complaint in a judicial disciplinary proceeding 'must be proved by clear and convincing evidence.'"[4] Syl. pt. 4, *In re Pauley*, 173

W.Va. 228, 314 S.E.2d 391 (1983) (footnote added).

This Court's role in judicial disciplinary matters is well-established:

' " 'The Supreme Court of Appeals will make an independent evaluation of the record and recommendations of the Judicial [Hearing] Board in disciplinary proceedings.' Syl. pt. 1, *West Virginia Judicial Inquiry Commission v. Dostert* [165 W.Va. 233], 271 S.E.2d 427 (W.Va.1980)." Syllabus, *Matter of Gorby*, 176 W.Va. 11, 339 S.E.2d 697 (1985).' Syl. pt. 1, *Matter of Crislip*, 182 W.Va. 637, 391 S.E.2d 84 (1990).

Syl. pt. 2, *Matter of Eplin*, 187 W.Va. 131, 416 S.E.2d 248 (1992). We further stated, in *Matter of Crislip*, that "[i]ncluded within this independent evaluation is the right to accept or reject the disciplinary sanction recommended by the Board." 182 W.Va. at 638, 391 S.E.2d at 85.

Magistrate Harshbarger entered a polling place where the polls were still open and where he was not registered to vote, in violation of *W.Va.Code*, 3-1-37. Canon 2(A) of the Code of Judicial Conduct provides: "A judge shall respect and comply with the law,[5] shall avoid impropriety and the appearance of impropriety in all of the judge's activities, and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." (footnote added). The commentary to Canon 2(A) expounds upon "the prohibition against behav-

---

is like—it was the first one when you come in the door 453 and then over across from that is 454.

Then, after I told him that, he went over to 454 and stated [sic] talking there.

3. *W.Va.Code*, 3-1-37 [1986] provides, in relevant part:

No person, except the election officers and voters while going to the election room to vote and returning therefrom, may be or remain within three hundred feet of the outside entrance to the building housing the polling place while the polls are open[.]

4. The Rules of Procedure for the Handling of Complaints Against Justices, Judges, Magistrates and Family Law Masters are now known as the Rules of Judicial Disciplinary Procedure. While Rule III has been amended as recently as Octo-

ber 21, 1992, effective January 1, 1993, such amendment does not affect this case, in that the allegations of a complaint brought before the Board must still be proved by clear and convincing evidence. The text of Rule III(C)(2) reads as follows:

The process and procedure before the Board shall be as simple and direct as reasonably may be. Except where otherwise provided for by these rules, the provisions of the West Virginia Rules of Civil Procedure and the rules of evidence used in civil cases in West Virginia shall govern proceedings before the Board, but the allegations of the complaint must be proved by clear and convincing evidence.

5. The term "law" is defined in the terminology section of the Code of Judicial Conduct as "court rules as well as *statutes*, constitutional provisions, and decisional law." (emphasis added)

ing with impropriety or the appearance of impropriety," stating that "[a]ctual improprieties ... include violations of law[.]"

Canon 2(A) of the Code of Judicial Conduct requires a judge to promote the integrity of the judiciary and to avoid impropriety and the appearance of impropriety in all of the judge's activities. A duly elected judicial officer, Magistrate Harshbarger is further bound to personally observe high standards of conduct, including compliance with the law. *Id.* Though Magistrate Harshbarger testified that he was unacquainted with the restrictions contained in *W.Va.Code*, 3–1–37, it is undisputed that he entered Precincts 453 and 454 while the polls were still open, in violation of that *Code* section.

We conclude, after reviewing the entire record, that the allegations against Magistrate Harshbarger have been proved by clear and convincing evidence. *In Re Pauley*, 173 W.Va. 228, 314 S.E.2d 391. During the Dunbar municipal election, Magistrate Harshbar-

ger entered a polling place where he was not registered to vote and where the polls were still open, in violation of *W.Va.Code*, 3–1–37. In doing so, Magistrate Harshbarger violated Canon 2(A) of the Code of Judicial Conduct. We find appropriate the recommendation that Magistrate Harshbarger be admonished and not pay the costs of the proceedings.

Admonishment.

BROTHERTON, C.J., did not participate in this case.

MILLER, Retired Justice, sitting by temporary assignment.