475 S.E.2d 75

**In the MATTER OF June Gail
BROWNING, Magistrate
for Mingo County.**

No. 22941.

Supreme Court of Appeals of
West Virginia.

Submitted June 25, 1996.

Decided July 5, 1996.

Charles R. Garten, Charleston, for Judicial Disciplinary Counsel.

Robert H. Davis, Jr., Harrisburg, PA, for June Gail Browning.

* In cases involving sensitive matters, this Court often identifies parties by initials, rather than by full names. *In the Matter of Jonathan P.*, 182 W.Va. 302, 303 n. 1, 387 S.E.2d 537, 538 n. 1 (1989). Accordingly, as in the opinion in *Browning*, we refer to Samantha Renee M. through the use of her last initial.

PER CURIAM.

This judicial disciplinary proceeding was submitted to this Court, pursuant to Rule 4.8 of the West Virginia Rules of Judicial Disciplinary Procedure, for review of the record and the December 28, 1995, recommended disposition of the Judicial Hearing Board with regard to a complaint filed by the Judicial Investigation Commission. The complaint charges the respondent, June Gail Browning, Magistrate for Mingo County, West Virginia, with violations of the West Virginia Code of Judicial Conduct. The Judicial Hearing Board recommends that the complaint be dismissed.

This Court has before it the recommendation, all matters of record, including the exhibits and a transcript of the evidentiary hearing conducted by the Judicial Hearing Board, and the briefs and argument of counsel. For the reasons expressed below, this Court declines to adopt the December 28, 1995, recommended dismissal. Instead, we remand this matter to the Judicial Hearing Board for further proceedings.

I

The circumstances herein arose subsequent to this Court's decision in *In the Matter of Browning*, 192 W.Va. 231, 452 S.E.2d 34 (1994). In *Browning*, we concluded that this respondent violated the Code of Judicial Conduct by refusing to cooperate with the Chief Magistrate for Mingo County concerning the scheduling of work hours and by failing to issue a domestic violence protective order to a litigant. Those violations were determined, in part, upon the March 1994 testimony before the Judicial Hearing Board of Patricia Lynn Estepp and Samantha Renee M.* As a result of this Court's decision in *Browning*, the respondent was publicly reprimanded and required to pay a $500 fine.

In June 1995, the Judicial Investigation Commission filed the current complaint charging the respondent with violations of the Code of Judicial Conduct. As the complaint sets forth, the respondent is charged

with transgressing the provisions of Canon 1 of the Code, concerning a judge's duty to uphold the integrity and independence of the judiciary; Canon 2A, concerning the avoidance of impropriety and the appearance of impropriety; and Canon 3A and B, concerning the duty of a judge to perform judicial duties impartially and diligently. In particular, the charges are based upon the assertion of the Judicial Investigation Commission that, while the *Browning* case was pending before this Court, the respondent contacted Patricia Lynn Estepp and Samantha Renee M. in an effort to have them alter their March 1994 testimony. The charges are also based upon the assertion of the Judicial Investigation Commission that, while the *Browning* case was pending before this Court, the respondent delayed the processing of a domestic battery warrant sought by Patricia Lynn Estepp.

The Judicial Hearing Board conducted an evidentiary hearing upon the current complaint on November 2, 1995. The Judicial Investigation Commission was represented by Disciplinary Counsel at the hearing. When the Commission rested its case, counsel for the respondent moved to dismiss the complaint. The Judicial Hearing Board granted the motion and terminated the hearing.

As stated above, the Judicial Hearing Board recommends that the complaint against the respondent be dismissed. The Judicial Hearing Board indicated in the recommendation that the Commission failed to prove the charges by "clear and convincing evidence."

## II

■ As Rule 4.5 of the Rules of Judicial Disciplinary Procedure states: "In order to recommend the imposition of discipline on any judge, the allegations of the formal charge must be proved by clear and convincing evidence." *See also* syl. pt. 1, *In the Matter of Hey*, 192 W.Va. 221, 452 S.E.2d 24 (1994); syl. pt. 1, *In the Matter of Twyman*, 190 W.Va. 191, 437 S.E.2d 764 (1993); syl. pt. 1, *In the Matter of Hey*, 188 W.Va. 545, 425 S.E.2d 221 (1992); syl. pt. 4, *In re Pauley*, 173 W.Va. 228, 314 S.E.2d 391 (1983). How-

ever, as this Court made clear in syllabus point 1 of *West Virginia Judicial Inquiry Commission v. Dostert*, 165 W.Va. 233, 271 S.E.2d 427 (1980): "The Supreme Court of Appeals will make an independent evaluation of the record and recommendations of the Judicial [Hearing] Board in disciplinary proceedings." *See also* syl. pt. 1, *In the Matter of Starcher*, 193 W.Va. 470, 457 S.E.2d 147 (1995); syl. pt. 1, *In the Matter of Means*, 192 W.Va. 380, 452 S.E.2d 696 (1994); syl. pt. 2, *In the Matter of Harshbarger*, 192 W.Va. 78, 450 S.E.2d 667 (1994). *See also, W. Va. Const.* article VIII, § 8, as discussed in *Dostert, supra*, in the context of this Court's authority to conduct a *de novo* review in judicial disciplinary cases.

■ During the November 2, 1995, hearing upon the current complaint, Disciplinary Counsel submitted exhibits and elicited testimony from a number of witnesses in support of the charges against the respondent. That evidence indicated that in November 1994 Patricia Lynn Estepp went to the magistrate offices in Mingo County to obtain a domestic violence protective order. Although the protective order was subsequently obtained from another magistrate, Ms. Estepp discussed the proposed order with the respondent. Thereafter, on December 7, 1994, Ms. Estepp returned to the magistrate offices and obtained a show cause order for contempt of the protective order. Ms. Estepp obtained the show cause order from the respondent.

On December 9, 1994, the respondent, at the request of Ms. Estepp, continued the contempt hearing. In addition, however, the respondent issued a criminal domestic battery warrant upon Ms. Estepp's behalf. *W.Va.Code*, 61-2-28 [1994]. According to the Commission's evidence, the criminal domestic battery warrant was issued by the respondent on a Friday but held for service, at the respondent's request, until the following Monday, at which time the accused was expected to be present in the magistrate offices.

During her testimony, Patricia Lynn Estepp stated that during each of her above appearances at the Mingo County magistrate offices, for the purpose of obtaining relief

from domestic violence, the respondent accosted her about her March 1994 testimony and attempted to have her alter that testimony. As Ms. Estepp stated:

> She kept telling me, I knew I lied, which I didn't lie. Wanted me to sign a statement ... that she could take to court with her that would help her on her case.... [T]here for awhile I couldn't go to the Courthouse what she wouldn't—try to get me to change my story.

Moreover, Ms. Estepp suggested that the respondent delayed service of the criminal domestic battery warrant over the weekend, as mentioned above, in order to pressure Ms. Estepp into altering her previous testimony.

In addition, Patricia Lynn Estepp and Samantha Renee M. testified during the November 2, 1995, hearing that the respondent's daughter and another individual came to their respective homes for the purpose of having Ms. Estepp and Samantha Renee M. sign written statements concerning their previous testimony. Specifically, Ms. Estepp indicated that the respondent's daughter and the respondent's sister-in-law appeared at her home on December 14, 1994, and discussed her previous testimony with her. Similarly, Samantha Renee M. stated that on December 14, 1994, the respondent's daughter and a notary public appeared at her home to discuss her previous testimony. Nevertheless, neither Ms. Estepp nor Samantha Renee M. altered the testimony they gave in March 1994 at the previous judicial disciplinary proceeding. As Samantha Renee M. stated: "[T]hey were under the impression I was changing my statement and I was not. And I told them, you know, I did not ask or contact anybody or anyone to come to my home. I was under the impression that after I had testified everything was over with."

Following the events described above, the respondent, on December 15, 1994, filed a *pro se* petition for rehearing in the *Browning* case. *See W.Va.R.App.P.* 24. The *Browning* opinion had been filed by this Court on November 18, 1994. In the petition for rehearing, the respondent asserted that Patricia Lynn Estepp "admitted to submitting false testimony" concerning the March 1994 disciplinary hearing and that Samantha Renee M. indicated that she had also submitted false testimony. By order entered on December 20, 1994, however, this Court denied the respondent's request for a rehearing.

This Court is not unmindful that the case of the Judicial Investigation Commission presented to the Judicial Hearing Board on November 2, 1995, rested substantially upon the testimony of Patricia Lynn Estepp, whose credibility was brought into question. Moreover, we recognize the assertion of counsel for the respondent that the respondent attempted to recuse herself from all proceedings involving Ms. Estepp. It must be observed, however, that the Judicial Hearing Board's recommended dismissal was by a vote of 4 to 1 and, therefore, not unanimous and that the charges against the respondent are quite serious. Certainly, the prospect of a magistrate pressuring an individual involved in domestic violence litigation, where the individual's very life may be at stake, for the purpose of assisting the magistrate in a judicial disciplinary proceeding, invokes the protections to the public the Code of Judicial Conduct was designed to provide. As we noted in the *Browning* opinion, although the Judicial Hearing Board's findings are given "respectful consideration, they are not binding on this Court." 192 W.Va. at 234 n. 4, 452 S.E.2d at 37 n. 4.

As characterized by Disciplinary Counsel in the Commission's brief, the Commission's evidence indicated, *inter alia*, that, while the *Browning* case was pending before this Court, the respondent repeatedly confronted Ms. Estepp, a litigant before her in a domestic violence matter, concerning Ms. Estepp's former testimony of March 1994 and had others contact Ms. Estepp and Samantha Renee M. in that regard as well. In view of the evidence of the Commission, which this Court concludes established a *prima facie* case of violations of the Code of Judicial Conduct, the respondent should be afforded an opportunity to present her evidence to the Judicial Hearing Board. Here, the opportunity of this Court to make an independent assessment of the circumstances surrounding the charges was incorrectly foreclosed by the termination of the November 2, 1995, hearing.

Therefore, upon all of the above, this Court declines to adopt the recommendation of the Judicial Hearing Board that the complaint against the respondent be dismissed, and this matter is remanded to the Board for proceedings consistent with this opinion.

Remanded.